THE STATE v. TOWNLEY, Appellant.

**Division Two, December 20, 1898.**

1. **Criminal Law: "CONVICTED:" MEANING.** One who has pleaded guilty of crime has not been convicted, and can not be considered as "convicted" until judgment has been entered against him.

2. ———: ———: SENTENCED TO PENITENTIARY OR REFORM SCHOOL. The defendant pleaded guilty to assault with intent to rape. The court continued the case under advisement to a day certain, then took evidence as to his age, found he was then over eighteen years of age, but was under that at the time he entered his plea, and sentenced him to imprisonment in the penitentiary, instead of to the reform school. *Held*, that under the meaning of the statute, he was not "convicted" until sentenced and judgment entered, and hence he was properly sent to the penitentiary.

*Appeal from Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

ORCHARD & TILLMAN for appellant.

We take the position that the date of plea of guilty or conviction is the date to govern and not the date of sentence. See Session Acts 1897, p. 123. It will be noticed that the statute uses the word "conviction" and not "sentence" and Anderson's Law Dictionary, page 256, says "conviction" is used to designate a particular stage of criminal prosecution triable by a jury. The ordinary legal meaning is the confession of the accused in court or the verdict returned against him by the jury which ascertains and publishes the fact of his guilt.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

Unless there appear to be a sentence or judgment of the court, there is no conviction. 4 Am. and Eng. Ency. of Law, p. 139; Smith v. Com., 14 S. & R. 69; People v. Bergen, 53 N. Y. 511; People v. Johnson, 55 N. Y. 512; Gallagher v. State, 10 Tex. App. 469.

BURGESS, J.—Defendant, having been indicted in the circuit court of Howell county, Missouri, for rape, on the tenth day of July, 1897, was arraigned under the indictment and pleaded guilty of assault with intent to commit rape. The court then continued the case under advisement until the third day of August next following, at which time the court found that the defendant was under eighteen years of age at the *time* he entered his plea of guilty, but was then over that age, and fixed his punishment at three years imprisonment in the penitentiary, while defendant insists that he should have been sent to the reform school.

The only question for consideration is, whether the court under the evidence, and its findings from the evidence that defendant was under eighteen years of age at the time he committed the assault, and over eighteen years of age at the time judgment was rendered, and punishment fixed, should have sentenced defendant to the reform school instead of the penitentiary. The solution of this question depends upon the proper construction to be given to section 5 of an Act of the General Assembly of the State of Missouri in regard to state institutions, approved March 16, 1897, page 123, of the Laws of Missouri, 1897, which reads as follows:

"Section 5. Any boy under the age of eighteen years convicted of a crime, the punishment of which, under the statutes of this State, when committed by persons over the

State v. Townley.

age of eighteen years, is death or imprisonment in the pen-
itentiary for a term of not less than ten years, may be pun-
ished in the same manner and to the same extent as provided
by statute for the punishment of persons over the age of
eighteen, or he may be imprisoned in the penitentiary or
committed to the state reform school for boys for a term
of not less than five years; and any boy under the age of
eighteen years convicted of any other felony, either upon a
plea of guilty or upon trial, shall be committed to the said
reform school for boys for a term of not less than two years,
nor for a longer term than until such boy shall arrive at the
age of twenty-one years.   Any boy under eighteen years of
age convicted of a misdemeanor, either upon a plea of guilty
or upon trial, may, in the discretion of the court, be com-
mitted to the said reform school for boys for a term not less
than two years, nor for a longer period than until such boy
shall arrive at the age of twenty-one years.   No boy under
eighteen years of age convicted of felony shall hereafter be
committed to the county jail as a punishment for such
offense."

If the word "convicted" as used in this section, means
as contended by defendant, that is that he was "convicted"
of assault with intent to rape  when he pleaded guilty to
that charge, the court committed error in fixing his punish-
ment at imprisonment in the penitentiary, but should have
sentenced him to the reform school, because at that time
he was under the age of eighteen years.   The law expressly
provides that any boy under the age of eighteen years con-
victed of any other felony than for crimes the punishment
for which is death or imprisonment in the penitentiary for
a term of not less than ten years, either upon a plea of guilty
or upon trial, shall be committed to the said reform school
for boys "for a term of not less than two years," and the
punishment imposed is in violation of that law, but if as
contended by the Attorney-General "convicted" means to

find guilty of a crime and place under sentence according to law, the judgment is correct, because defendant was over eighteen years of age at that time.

In note 2, page 139, volume 4, American and English Encyclopedia of Law, it is said: "It has generally been held that the word 'convicted' includes the final judgment, and that one who has been found guilty by the jury, but has not yet been sentenced, is not a 'convicted' person."

In Gallagher v. State, 10 Tex. App. loc. cit. 472, it was said that the word "convicted . . . . . . . has a definite signification in law. It means that a judgment of final condemnation has been pronounced against the accused. Bouvier's Law Dictionary, under the word *conviction.* To say that a party had been 'convicted' and then add, that he stood his trial, and that judgment final was rendered against him, would be tautology."

So in Faunce v. The People, 51 Ill. 311, it was held that a person can not be said to be convicted of a crime so as to render him incapable of giving testimony until judgment is rendered on a verdict of guilty, for not until then is he "convicted" by law. The same rule was announced in King v. Turner, 15 East. 570.

Under the statutes of New York, disqualifying any person as a witness who "shall upon conviction be adjudged guilty of perjury," it was held that a person is not rendered incompetent until by judgment, sentence has been pronounced upon him; that a verdict of guilty alone is not sufficient. The court said: "We have lately, in civil cases, been called upon to construe statutes of similar import. We have held in them that there was no conviction merely upon the finding of the question of fact, and that there must also be a judgment of the court. Those cases arose under the acts relating to dower, and the forfeiture of it by adultery. [Pitts v. Pitts, 52 N. Y. 593; Schiffer v. Pruden, 64 N. Y. 47.] We do not think that it is different under the criminal

statutes involved in this case.   In ordinary phrase the mean-
ing of the word 'conviction' is, the finding by the jury, of a
verdict that the accused is guilty.   But in legal parlance, it
often denotes the final judgment of the court."   [Blaufus v.
People, 69 N. Y. loc. cit. 109.]

So in Massachusetts a statute which provides that the
conviction of any person of crime may be shown to affect
the credibility of such person as a witness in any proceeding,
civil or criminal, in·a court, or before a person having au-
thority to receive evidence, "conviction" was held to imply a
judgment of court.

We think there is no question but what the legislature
used the word "convicted" in its broadest and most compre-
hensive sense, as one judgment, and as the judgment was not
rendered until after defendant arrived at the age of eighteen
years that it should be affirmed.   It is so ordered.   GANTT,
P. J., and SHERWOOD, J., concur.