JOSEPH RITTENBERG *vs.* IRWIN L. SMITH.

Suffolk. March 4, 1913. — May 19, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Witness,* Impeachment. *Commutation of Sentence.*

A conviction in a United States Circuit Court of fraudulently and knowingly concealing property of a bankrupt from a trustee in bankruptcy may be given in evidence under R. L. c. 175, § 21, to affect the credibility of the convicted person as a witness testifying in a court of this Commonwealth.

A commutation of a sentence of imprisonment, after part of it has been served, so that it expires at once, does not do away with the conviction upon which the sentence was based nor prevent the conviction from being used as evidence to impeach the credibility of the convicted person as a witness.

CONTRACT for breach of an agreement in writing for the sale by the defendant to the plaintiff of a livery stable business located at 24 Chardon Street in Boston. Writ in the Municipal Court of the City of Boston dated April 2, 1909.

Provisions of the agreement which are material to these exceptions were, that the defendant, on or before March 1, 1909, would sell, assign, transfer and deliver to the plaintiff the fixtures and tools connected with the business, "together with the good will of said business, which shall include all his rights in the boarding of not less than seventy-five horses belonging to other persons," and that, if the plaintiff failed to get a new lease or an assignment of an existing lease of the premises where the business was conducted, the defendant would return to him a sum of $500 which had been paid by the plaintiff to the defendant at the signing of the agreement. The plaintiff agreed to purchase the business on or before March 1, 1909, paying the defendant an additional $500 at the time of delivery, and forfeiting the $500 already paid if he did not keep his agreement. He also agreed to give the defendant seven days' notice in case he determined to complete the terms of the agreement before March 1.

On appeal to the Superior Court the case was tried before *Quinn*, J.

There was evidence, which was controverted by the defendant, that the defendant falsely represented to the plaintiff that the rent of the premises was $4,000 per year, when it really was $4,150, and that the plaintiff relied on such representation. The plaintiff also testified that he first learned of the actual rent seven days before March 1.

There also was evidence that at about 9.30 P. M. on March 1, 1909, two agents for the plaintiff went to the defendant at the stable in question with $500, which they stated they were willing to pay to the defendant if the requisite seventy-five horses then were being boarded at the stable, and that at most there were then not more than seventy-one horses being so boarded; that thereupon the agents said to the defendant that they were ready

to pay the money if there were seventy-five horses in the stable, and that the defendant said, "You don't want to do business. The deal is all off."

One of such agents of the plaintiff testified that when they met the defendant on that occasion, and had stated their purpose in coming, he "was rattled — he had papers in his hand, and the papers rattled so that I — why, the man shivered all over. He turned almost white. . . . He seemed to be very nervous." The defendant excepted to the admission of the testimony, and also moved that it be stricken out. The testimony was admitted and the motion was denied.

Other facts are stated in the opinion.

At the close of the evidence, the defendant asked the judge to rule as follows:

"1. Upon all the evidence the plaintiff is not entitled to recover."

"7. If it shall be proved that there was any misrepresentation on the part of the defendant as to the rent of the stable and the plaintiff had at the time reasonably available means for ascertaining the truth; that the matter was open to inspection and the plaintiff was not fraudulently diverted therefrom, he cannot impeach the transaction on the ground of falsehood of the defendant.

"8. If it shall be proved that there was any misrepresentation on the part of the defendant in reference to the rent of the said stable, and the defendant knew of such misrepresentation before the first of March, and was still willing to carry out the contract, such misrepresentation was waived by the plaintiff."

The rulings were refused. The jury found for the plaintiff in the sum of $500; and the defendant alleged exceptions.

*W. H. Irish*, for the defendant.

*E. Greenhood*, for the plaintiff.

MORTON, J. The plaintiff was a witness and for the purpose of affecting his credibility the defendant offered a record of the United States Circuit Court showing the plaintiff's conviction for fraudulently and knowingly concealing from one Percy A. Atherton, trustee in bankruptcy, certain personal property belonging to one Jacob Kerrch, and his sentence to a term of fifteen months in the jail at East Cambridge. The plaintiff objected and offered a certificate duly made showing that after the plaintiff had served

a part of his sentence the same was commuted by the President to expire at once, and that he was released. The defendant objected to the certificate that it was not a pardon. But the court admitted it and excluded the record of conviction. The defendant excepted. We think that the record should have been admitted.

By R. L. c. 175, § 21, it is provided that "the conviction of a witness of a crime may be shown to affect his credibility." The first provision touching this matter is found in the Rev. Sts. c. 94, § 56: "No person shall be deemed an incompetent witness, by reason of having committed any crime, unless he has been convicted thereof in this State; but the conviction of any person, in any court without the State, of a crime which, if he has [had] been convicted thereof within this State, would render him an incompetent witness here, may be given in evidence to affect his credibility." This related to crimes, proof of the conviction of which would render a witness incompetent at common law, and it was expressly provided that proof of the conviction of a witness of such a crime in another State should be admissible here to affect his credibility. See *Commonwealth* v. *Knapp*, 9 Pick. 496, 511. The next statute was St. 1851, c. 233, § 97. The concluding sentence of this section is as follows: "And the conviction of any crime may be shown, to affect the credibility of any person testifying." This sentence and the section in which it is found were re-enacted *in totidem verbis* in St. 1852, c. 312, § 60. With slight changes in phraseology and with changes in the order and connection in which it occurs, the sentence which we have quoted above from St. 1851, c. 233, has appeared in successive re-enactments. Gen. Sts. c. 131, § 13. St. 1870, c. 393, § 3. Pub. Sts. c. 169, § 19. The change from "any crime " in Gen. Sts. c. 131, § 13, and St. 1870, c. 393, § 3, and in previous statutes to "a crime" in Pub. Sts. c. 169, § 19, has no significance. It is plain, we think, that a conviction of any crime, whether a felony or a misdemeanor, may be given in evidence to affect the credibility of a witness. That was in effect so held in *Commonwealth* v. *Hall*, 4 Allen, 305, and was expressly decided in *Commonwealth* v. *Ford*, 146 Mass. 131, and in *Quigley* v. *Turner*, 150 Mass. 108. There is nothing limiting the conviction which may be shown to one obtained in the courts of this State. In *Commonwealth* v. *Knapp, supra,* a conviction obtained in Maine was permitted to be introduced in evidence. And in *Gertz* v.

*Fitchburg Railroad*, 137 Mass. 77, it was assumed on due consideration that a conviction obtained in the United States District Court for a felony punishable with imprisonment stood on the same footing as a conviction obtained in another State and was admissible. We do not conceive that the fact that it was a felony rather than a misdemeanor made, or on principle should make, any difference. In the present case, the offense was one involving falsehood and fraud, and as such was calculated to show moral turpitude and a disregard for truth and honesty on the part of the person committing it. *Commonwealth* v. *Green*, 17 Mass. 515, 539–549, was decided in 1822 before the enactment of Rev. Sts. c. 94, § 56, and the question was whether a conviction of an infamous crime in another State rendered a witness incompetent. The question whether such conviction was admissible to impeach his credibility was left open with an intimation that it was (p. 541). The commutation of the sentence did not do away with the conviction. Only a full pardon could do that. *Perkins* v. *Stevens*, 24 Pick. 277. The effect of the commutation was simply to remit a portion of the sentence. The conviction remained undisturbed by the commutation and was admissible to affect the credibility of the witness. This exception must be sustained. St. 1913, c. 81,* was not enacted till after this case had been tried and is not, therefore, applicable.

There is nothing in either of the other exceptions. There was evidence tending to show that the defendant refused to carry out and perform the agreement and that the plaintiff was ready and able and offered to perform his part of the contract. The question of waiver by the plaintiff of the alleged misrepresentation by the defendant in regard to the rent was rightly left to the jury. So also was the question whether there was any misrepresentation and whether and to what extent, if any, the plaintiff relied upon it. The circumstances under which the trade was entered into were such that it could not be ruled as matter of law that the plain-

---

* St. 1913, c. 81, amends R. L. c. 175, § 21, to read as follows: "The conviction of a witness of a felony may be shown to affect his credibility, but the conviction of a witness of a misdemeanor shall not be admissible to affect his credibility unless the conviction was obtained within the period of five years prior to the time of his testifying, or unless there has been a subsequent conviction of the witness within the period of five years prior to the time of his testifying."

tiff was not justified in relying upon the representations made by the defendant. The jury could not have been properly directed to return a verdict for the defendant as requested. We cannot say that the evidence concerning the characterization of the defendant's appearance and manner was improperly admitted.

*Exceptions sustained.*