THE PEOPLE OF THE STATE OF NEW YORK ex rel. LECLAIR DECKER, Relator, *v.* W. BERTRAM PAGE, Sheriff of Steuben County, Respondent.

Supreme Court, Steuben Special Term, August 14, 1925.

Crimes — sentence — relator after pleading guilty to operation of automobile while intoxicated (Highway Law, § 290, subd. 3), was fined $300 and placed on probation upon suspension of sentence — relator subsequently sentenced to State prison for two years upon vacation of probation order — court had power to impose fine and suspend prison sentence — modification of original order and imposition of prison sentence proper under Code of Criminal Procedure, § 470-a — habeas corpus proceeding dismissed and relator remanded to prison.

The relator, who, upon pleading guilty to the crime of operating an automobile while intoxicated, was fined $300 and placed on probation after suspension of a prison sentence, is not entitled to release from a State prison to which he had been sentenced for two years upon the vacation of the probation order, since the modification of the original order by the imposition of a prison sentence was proper within the provisions of section 470-a of the Code of Criminal Procedure. Moreover, the court had authority to impose the payment of a fine, and at the same time suspend the prison sentence, since the very nature of the

statute (Highway Law, § 290, subd. 3, as amd. by Laws of 1924, chap. 360), which the relator had violated, makes various forms of penalties advisable and permits the court to impose the whole or any part thereof.

HABEAS CORPUS proceeding.

*Thomas F. Rogers,* for the relator.

*Guy W. Cheney,* for the respondent.

THOMPSON, J.:

The relator pleaded guilty to the crime of operating a motor vehicle while intoxicated; whereupon the court ordered him to pay a fine of $300, suspended the imposition of a prison sentence and placed him on probation. Thereafter the probation was vacated and the court sentenced him to confinement in a State prison for two years. Relator claims this judgment is void, on the ground that the first order of the court in the premises was a final judgment; the court being without authority to impose the payment of a fine, and at the same time suspend a prison sentence, thus sentencing in part and suspending sentence in part.

There can, I think, be no doubt that at the common law power to suspend sentence after conviction was inherent in all courts possessing superior criminal jurisdiction and common-law powers. " The power to suspend sentence at common law is asserted by writers of acknowledged authority on criminal jurisprudence, by the uniform practice of the courts and numerous adjudged cases. * * * The statute (Penal Law, § 2188) must not be understood as conferring any new power. The court may suspend sentence as before, but it can do nothing to preclude itself or its successor from passing the proper sentence whenever such a course appears to be proper." (*People ex rel. Forsyth* v. *Court of Sessions,* 141 N. Y. 288.)

The power to suspend sentence as an incident to judicial procedure is a power to postpone the imposition of the sentence, and not to suspend execution after sentence has been pronounced, for it is only the executive power which can relieve from a sentence pronounced by the court, unless there is a specific statute allowing it. (*People ex rel. Hirschberg* v. *Seeger,* 179 App. Div. 793; appeal dismissed, 223 N. Y. 659; *People* v. *Boehm,* 176 App. Div. 401; affd., 226 N. Y. 705.)

The punishment prescribed in cases of this sort is fine and imprisonment; both, either or neither. In its very nature the statute (Highway Law, § 290, subd. 3, as amd. by Laws of 1924, chap. 360) makes these various forms of penalty divisible, so, therefore, the whole or any part thereof can be imposed. It follows as a consequence that the court is inherently vested with corresponding

power to suspend sentence of the whole or any part of it. Thus we see that the court did not need the authority of the statute to make its order or judgment in this case nor does the statute attempt to withhold or withdraw such power; and it could not if it would. When the Constitution was adopted, the inherent power of courts of criminal jurisdiction to suspend sentence was understood to be an ordinary judicial function, and it has been exercised by the courts ever since. The Legislature cannot authorize the courts to abdicate their own powers and duties or to tie their own hands in such a way that after sentence has been suspended they cannot, when deemed proper and in the interest of justice, inflict the proper punishment in the exercise of a sound discretion. (*People ex rel. Forsyth* v. *Court of Sessions, supra.*)

In passing let us observe that section 470-a of the Code of Criminal Procedure provides that in cases of revocation of probation the court may modify its original order and impose any punishment it might have pronounced at the time of the conviction. It follows that no substantial right of relator was invaded or denied by the court's refraining from fixing the term of his imprisonment at the time it imposed the fine against him. At the most this would have been but tentative, and a vain thing in case the court should have thereafter desired to change it; and the law does not contemplate or require the doing of a useless or unnecessary thing. It plainly appears here that the design of the court was to suspend the prison sentence upon relator's paying his fine and keeping the conditions of his parole. The case does not differ from the usual one found in other jurisdictions where the prayer for judgment is held upon payment of the costs. (*State* v. *Bennett,* 4 Dev. & Bat. [N. C.] 43.)

And the payment of a fine, imposed at the time a defendant is placed on probation, in whole or by installments, is expressly made a proper condition to be required of a person on probation in this State. (Code Crim. Proc. § 11-a, subd. 4[j].)

But the rule of the court in the first instance was not a judgment. A suspended sentence is not a judgment. (*People* v. *Markman,* 114 App. Div. 367; *People* v. *Fabian,* 126 id. 89; *People* v. *Bork,* 78 N. Y. 346, 350.)

A judgment must be final, complete and entire, and must settle the rights of the parties. It is the end of the law; its last work. (33 C. J. 1196.)

The term " interlocutory judgment " is a misnomer; such a mandate is but an interlocutory order. (*Webb* v. *Buckelew,* 82 N. Y. 555.)

If the court erred in prescribing an improper condition, this did not operate to make the suspension of sentence equivalent to a

pardon. It was proper at any time to revoke such order, and to impose a proper sentence. So relator is detained solely by force of the final judgment herein. (*People ex rel. Pasco* v. *Trombly,* 173 App. Div. 497.)

Even the failure of the court to fix the period of probation, as required by the statute, does not render invalid a sentence, since, in the absence of other limitation, it would be assumed that the probationary period would not continue more than two years, the period fixed by law. Moreover, the omission " would be subject to correction in this respect." (*People ex rel Valiant* v. *Patton,* 221 N. Y. 409.)

For like reasons the failure of the court to declare the sentence that it suspends and thus prognosticate the punishment it may, but need not, finally pronounce (Code Crim. Proc. § 470-a, *supra*), can in no case avoid a judgment.

By its second sentence the court " *expunged* " the first sentence, if there was one. (*People ex rel. Friedman* v. *Hayes,* 172 App. Div. 442.)

There was a conviction here and a proper final judgment had to follow. The first order by its terms was not a final judgment; but the court, having power over its own orders and judgments, was authorized, and it was its duty, to amend its mandate or to supersede it with a sufficient judgment. Having done so, it must be held that the relator is amenable thereto. (*Cropsey* v. *Tiernan,* 172 App. Div. 435; *People ex rel. Pasco* v. *Trombley, supra.*)

The prayer of the petition is, therefore, denied, and the prisoner is remanded. Let a final order be entered.