BETTY S. KARASEK *vs.* CURTIS L. BOCKUS.

Suffolk.    January 7, 1936. — January 31, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Evidence,* Competency, Of criminal proceedings. *Practice, Civil,* Exceptions: whether error harmful.

At the trial of an action for personal injuries suffered by the plaintiff through a collision of automobiles, in which the identity of the defendant with the driver of the colliding vehicle was in issue, it was error harmful to the defendant to allow the plaintiff, without production of a record of conviction or evidence of the defendant's having pleaded guilty, after eliciting from the defendant that he had been the defendant in a criminal prosecution involving the same collision, to ask him whether he had paid a fine, to which he answered that he had paid a certain sum to his lawyer and had been told "that would square the case"; and the error was not cured by an instruction to the jury that the criminal prosecution was not evidence of the defendant's liability.

TORT.    Writ dated January 21, 1931.

The action was tried in the Superior Court before *F. T. Hammond,* J.    There was a verdict for the plaintiff in the sum of $4,100.    The defendant alleged exceptions.

*Hubert C. Thompson,* (*W. Cook* with him,) for the defendant.

*H. Loewenberg,* for the plaintiff.

LUMMUS, J.    The plaintiff was injured in New Hampshire when the right rear corner of a passing automobile grazed the left front of her own and she lost control.    Possibly the operator of the passing automobile was ignorant of the collision.    An important question was the identification of the defendant with that operator.

The defendant testified in his own defence that he was on the road but knew of no collision.    The cross-examining counsel, who had no record of conviction of the defendant, drew from him testimony that a criminal case against him involving the same alleged collision had come before the Superior Court of New Hampshire.    The cross-examiner

was allowed to ask him whether he pleaded guilty to reckless driving, and the defendant answered, "No." Although no plea of guilty to any offence, much less any specified offence, was shown, the cross-examiner, over the exception of the defendant, was allowed to ask him whether he paid a fine on that occasion and to obtain the answer that he paid his lawyer $25, and was told that "that would square the case." The verdict was for the plaintiff.

The reception of that evidence cannot be justified on the theory that the payment was an unimportant consequence of a plea of guilty that might constitute an admission of negligence. *Commonwealth* v. *Fortier*, 258 Mass. 98. *Dzura* v. *Phillips*, 275 Mass. 283. No plea of guilty was shown. Neither can it be justified on the ground that a conviction of crime may be shown to affect credibility. G. L. (Ter. Ed.) c. 233, § 21. Only a sentence after a plea of guilty or a trial constitutes a "conviction" within that statute (*Attorney General* v. *Pelletier*, 240 Mass. 264, 310; *Olszewski* v. *Goldberg*, 223 Mass. 27), and that can be shown only by the record. *Commonwealth* v. *Walsh*, 196 Mass. 369. *Commonwealth* v. *Homer*, 235 Mass. 526, 536. The payment to the lawyer was not an admission of negligence, even if the "case" which it was to "square" involved negligence. It is true that a criminal case ordinarily cannot lawfully be compromised. But it does not appear that any part of the $25 was to be used for any improper purpose, nor even that it was to pass beyond the lawyer for the payment of costs or reparation under some requirement of a court. See *Ross* v. *Fishstine*, 277 Mass. 87.

Nevertheless the admission of the evidence was prejudicial to the defendant. *Commonwealth* v. *Homer*, 235 Mass. 526, 535, 536. The error in its admission was not cured by the statement in the charge that "the fact that a criminal action or prosecution arose out of the accident is not evidence of liability on the part of the defendant in this case."

*Exceptions sustained.*