STATE *v.* HAROLD G. WITSIL.

554

*(September 15, 1936.)*

LAYTON, C. J., HARRINGTON and RODNEY, J. J., sitting.

*P. Warren Green,* Attorney-General, and *Robert H. Richards, Jr.,* Deputy Attorney-General, for the State.

*H. Albert Young* and *A. James Gallo* for the defendant.

Court of Oyer and Terminer for New Castle County, No. 85, May Term, 1936.

LAYTON, C. J., delivering the opinion of the Court:

The objection to further cross-examination of the witness for impeachment purposes and the motion to strike out his answers could have been sustained on the ground that the record of the conviction was not produced, and certainly, upon the ground that there was, in fact, no conviction of the witness as no sentence had been imposed. 70 *C. J.* 856; 1 *Wigmore Ev.*, § 521; 4 *Jones Ev.*, § 716; *Com. v. Gorham,* 99 *Mass.* 420; *State ex rel. Owens v. Barnes,* 24 *Fla.* 153, 4 *So.* 560; *Blaufus v. People,* 69 *N. Y.* 107, 25 *Am.*

*Rep.* 148; *State v. Townley,* 147 *Mo.* 205, 48 *S. W.* 833; *Faunce v. People,* 51 *Ill.* 311; *Dial v. Commonwealth,* 142 *Ky.* 32, 133 *S. W.* 976; *Martin v. State,* 30 *Okl. Cr.* 49, 234 *P.* 795.

The court ruled, however, that it must judge of the felony, and that the credibility of a witness may be impeached only by proof of conviction of an offense recognized as a felony by the laws of this state.

It cannot be said with certainty what the practice has been. Certainly witnesses have been asked if they have not been convicted of felonies in other jurisdictions, most frequently perhaps, the question naming the offense which was a felony here. No doubt the general question has been asked without identifying the offense, but so far as we are aware, there was no objection and the question now to be answered has never been raised, debated nor decided.

The statute permits the credibility of a witness to be attacked not by proof of conviction, or any crime, or infamous crime, but the attack is restricted to convictions of felonies.

We have no statutory or decisional definition of the term "felony" and resort must be had to the common law. *State v. Murphy,* 17 *R. I.* 698, 24 *A.* 473, 16 *L. R. A.* 550. There it was used to designate such serious offenses as were punishable by death, or by forfeiture of the lands or goods of the offender. *Bannon v. U. S.,* 156 *U. S.* 464, 15 *S. Ct.* 467, 39 *L. Ed.* 494.

This definition, if it can be called a definition, is mainly historical. The term is vague and unsatisfactory, and the observation is not far wrong that no lawyer would undertake to tell what a felony is, otherwise than by enumerating the various kinds of offenses which are so called. 1 *Wharton Cr. Law* (11th Ed.) 36, note.

At common law there were certain recognized felonies, murder, manslaughter, arson, burglary, robbery, larceny, rape, sodomy, and mayhem. Statutes, running from the earliest period, created new felonies.

So, in this country, until recently, the common law classification obtained. The principal felonies were received as they originally existed, and their number increased as the exigencies of society prompted. 1 *Wharton, supra,* 38.

■ The statute in question was enacted in 1859, and undoubtedly the legislature employed the word as meaning a crime known to the common law as a felony or which has been made a felony by statute of this state.

■ Conspiracy at common law was a misdemeanor, 2 *Wharton C. L.* (11*th Ed.*) 1739. It is a misdemeanor in this state. *State v. Effler,* 2 *Boyce* 92, 78 *A.* 411.

The witness pleaded guilty to an indictment charging conspiracy. By Federal statute the offense was a felony. If the witness had been convicted of a similar offense in this state, the conviction could not have been offered to affect his credibility, the offense not being a felony. See *State v. Burton,* 2 *Marv.* 446, 43 *A.* 254; *State v. Fisher,* 1 *Penn.* 303, 41 *A.* 208; *State v. Powell,* 5 *Penn.* 24, 61 *A.* 966; *State v. Grant,* 3 *W. W. Harr.* (33 *Del.*) 195, 133 *A.* 790.

We do not intend to express approval of a system by which the theft of a small coin is a felony, while conspiracy to rob a bank is but a misdemeanor, but the legislature has declared a policy which does not regard the conviction of an offense known to our laws as a misdemeanor sufficient to impeach the credit of a witness, and we are unable to see how, under that policy, the same offense becomes sufficient simply because it was committed in a jurisdiction where it is a felony.

It may not be amiss to express the hope that the legislature may find it desirable to amend the law so that the credit of a witness may be impeached by proof of conviction of an infamous crime, but, clearly, it is a matter for the legislature not for the courts.

By the *Constitution* of the State, *Article* 5, § 2, it is provided that no one convicted of a crime deemed by law felony shall enjoy the right of an elector. It will, perhaps, be agreed that the disfranchisement of a citizen by reason of conviction of crime must be dependent upon whether the crime is a felony under our law, for the state will undoubtedly determine the right of its citizens to vote in accordance with its own standards. It is difficult to see why the credibility of a witness should be judged by the standard of another jurisdiction.

In this state the offense of carrying concealed a deadly weapon is a misdemeanor, and in *State v. Powell, supra,* the record of a conviction of such offense was not admitted to affect credibility. We have no doubt that this offense is a felony under the laws of other jurisdictions, and if the contention of the defendant is sound, the result would be that, if a witness has been convicted of this offense both in this state and elsewhere where the offense is a felony, his credibility could be attacked by the proof of the conviction elsewhere, while the conviction here would not be admissible for the same purpose.

The statement of the contention furnishes its refutation.

The decisions draw a distinction between competency and credibility. With respect to conviction of a crime in another jurisdiction as affecting competency, there is a difference of opinion. In *Commonwealth v. Green, 17 Mass.* 515, it was held that conviction of an infamous crime in

another jurisdiction did not render the witness incompetent, on the ground that penal laws will not reach from one jurisdiction into another; but the court intimated that the conviction abroad might be shown to affect credibility. In *Sims v. Sims,* 75 *N. Y.* 466, 467, there was a like ruling, but it was doubted whether the fact of conviction could be received for the purpose of impeachment. In *Chase v. Blodgett,* 10 *N. H.* 22, it was held that a conviction for a crime in another state was not admissible for the purpose of impeachment, but that if the conviction elsewhere would disqualify the witness there, and if the offense, if committed in New Hampshire would operate as a disqualification, the witness should be excluded. To the same effect is *State v. Candler,* 10 *N. C.* (3 *Hawks*) 393.

These decisions, however, do not touch the precise point involved here, and, indeed, none of the authorities cited is directly in point.

In *Commonwealth v. Knapp,* 9 *Pick.* (*Mass.*) 496, 20 *Am. Dec.* 491, there is nothing to suggest other than that the crime of which the witness was convicted in Maine was likewise an infamous crime in Massachusetts. The same comment may be made upon *State v. Foxton,* 166 *Iowa* 181, 147 *N. W.* 347, 52 *L. R. A.* (*N. S.*) 919, *Ann. Cas.* 1916 *E,* 727. In *Rittenberg v. Smith,* 214 *Mass.* 343, 101 N. E. 989, 47 *L. R. A.* (*N. S.*) 215, the statute permitted the conviction of a crime to be shown to affect credibility, and it was held that conviction elsewhere of fraudulent concealment of property from a trustee in bankruptcy was admissible. In *State v. Foley,* 15 *Nev.* 64, 37 *Am. Rep.* 458, the convictions were for burglary and for grand larceny. The question was one of competency, not credibility. The court ranged itself with *Chase v. Blodgett, supra.* In *Kurtz v. Farrington,* 104 *Conn.* 257, 132 *A.* 540, 48 *A. L. R.* 259, strongly relied upon by the defendant, the offer of proof of the conviction

elsewhere was excluded. The Connecticut statute, as construed, permitted conviction of an infamous crime to be shown to affect credibility. An infamous crime had been defined to be one which involved moral turpitude and for which the penalty might be imprisonment for six months or more. The offer of proof was denied not because the offense did not involve moral turpitude, it being distinctly held that it did, but because the offense, not being punishable by imprisonment where committed, did not have the second element required in Connecticut, imprisonment for six months or more.

*State v. Grant*, 3 *W. W. Harr.* (33 *Del.*) 195, 133 *A.* 790, is not opposed. There it was held that a witness may be asked if he had been convicted of a felony, and that if he admits the conviction, the record, usually, is considered unnecessary. It was not held that if the witness denies the fact, or if, from his answer, it is doubtful whether the conviction was for a felony, it is not necessary to produce the record of the conviction.

██ Felonies are offenses which were recognized as such at common law, or which have been declared to be felonies by our statutes. Under *Section* 4214 the credibility of witnesses may be attacked by proof of conviction of a crime deemed a felony by our law, no matter where committed.

The motion in arrest of judgment and for a new trial is denied.