Bernard Tomson, J.
The defendant moves to vacate and set aside “the conviction of the defendant on January 16, 1960, under Section 93-i of the Vehicle and Traffic Law ”, to withdraw his plea of guilty and to substitute a plea of not guilty. Section 93-i in essence prohibits the operation by the owner or any other person of a motor vehicle unless there is in full force and effect insurance covering the vehicle. The instant motion is made on the ground that the defendant had, at the time of the summons, proper insurance in force under a policy issued on another vehicle.
The court’s power to grant the motion is contained in and limited by section 337 of the Code of Criminal Procedure, which reads: “The court may in its discretion, at any time before judgment upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted.” (Emphasis supplied.)
The record indicates that, upon the plea of guilty, there was imposed a “sentence suspended”, one of the several dispositions printed on the information form used in traffic cases. The precise question presented, therefore, is whether a “ sentence suspended ” is a “ judgment ” within the meaning of section 337.
In the Matter of Jones v. Kelly (9 A D 2d 395 [4th Dept., 1959]), the court held that “ Fine susp.” constituted a “ conviction ” within the meaning of the provision in the Vehicle and Traffic Law requiring the revocation of an operator’s license under the circumstances there delineated. A careful reading of the Jones case indicates that the court did not hold that “ Fine susp.” constituted a “judgment”. The precise holding there could be stated to he that, whether or not “Fine susp.” constituted a judgment, it did constitute a “ conviction ” requiring the revocation of a license.
In the Matter of Hughes v. Court of Special Sessions (181 Misc. 846 [Supreme Ct., Special Term, Kings County]), it was held that the Court of Special Sessions was without jurisdiction to entertain an application similar to the one here made. It is significant, however, that there, after a plea of guilty the sentence that followed was a fine of $100, which the defendant paid.
*33 Reference to section 470-b of the Code of Criminal Procedure suggests that the word “ conviction ” and “ judgment ” are not necessarily equated. That section reads, ‘1 If judgment be not pronounced as in the last section provided, nevertheless: 1. * * * the plea or verdict and suspension of sentence * * * shall be regarded as a conviction ’ ’. It follows that although “ sentence suspended ” constitutes a conviction within the meaning of the Vehicle and Traffic Law, it does not necessarily constitute a “ judgment ” within the meaning of section 337 of the Code of Criminal Procedure.
It is the opinion of the court that the motion is timely made; that although ‘1 sentence suspended ’ ’ constitutes a conviction within the meaning of the Vehicle and Traffic Law, it does not constitute a judgment within the meaning of section 337 of the Code of Criminal Procedure.
Since 1956, the law has been firmly settled that a ‘ ‘ suspended sentence ” is not a judgment. (See People v. Shaw, 1 N Y 2d 30 [1956]; People v. Cioffi, 1 N Y 2d 70 [1956]; People v. Hunter, 3 Misc 2d 1032 [1956]; see, also, People v. Harcq, 292 N. Y. 321 [1944]; People ex rel. Decker v. Page, 125 Misc. 538 [1925].)
The motion is granted. The conviction of the defendant on January 16,1960 is vacated; the defendant’s application to withdraw his plea of guilty and interpose a plea of not guilty is granted and the matter is set down for trial on October 27, 1960, at 10:00 a.m.