**STATE of Missouri, Respondent,**

v.

**Eric FREY, Appellant.**

**No. 55173.**

Supreme Court of Missouri, Division No. 2.

Nov. 9, 1970.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

Gerald Kiser, North Kansas City, for appellant.

DONNELLY, Presiding Judge.

Appellant, Eric Frey, was convicted by the Circuit Court of Clay County, Missouri, of the unlawful sale of a hallucinogenic drug (V.A.M.S. 195.240) and of the unlawful sale of a narcotic drug (V.A. M.S. 195.020), and his punishment was assessed at imprisonment in the custody of the State Department of Corrections for terms of two and six years, to run consecutively. (V.A.M.S. §§ 195.270 and 195.-200.) Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

Appellant testified at the trial. On cross-examination, the following occurred:

"Q. Have you ever been convicted on a narcotics charge before?

"A. No, sir."

The State then introduced into evidence the following record of what occurred on July 8, 1968, in the Circuit Court of St. Louis County, Missouri:

"Now at this date comes the assistant prosecuting attorney for and on behalf of the State and the defendant, Eric Frey, appears in his own proper person and in the custody of the sheriff of St. Louis County as well as his attorney, Mike O'Flavin, and the State Board of Probation and Parole is represented and said defendant having been heretofore formally arraigned in open court on May the 24th 1968 and having on said date plead not guilty, now withdraws his former plea of not guilty and enters a plea of guilty to the offense charged, unlawful possession of narcotic drug, a felony, comes now before the court for sentencing. Upon inquiry the court finds the defendant is represented by an attorny of his choosing and that he had had sufficient time to confer with his said attorney and friends and that though the court offered defendant further time to consult further with his attorney and friends, the defendant declined the same and said defendant having no legal cause to show why judgment and sentence of this court should not be pronounced upon him, accordingly the court doth suspend the imposition of sentence. However, it is ordered and adjudged by the court that said defendant, Eric Frey, be and he is hereby placed on probation for a period of two years subject to the rules and provisions of the State Board of Probation and Parole and that he also pay the costs of his prosecution and that he stand so committed until this sentence is complied with or he be otherwise discharged according to law."

In Missouri, it is "the well established principle that, where the defendant elects to take the stand in his own behalf, his credibility may be attacked like that of any other witness, and in this there may be a showing of prior convictions. Sections 491.050 and 546.260 RSMo 1959, V.A.M.S.; State v. Wolfe, Mo., 343 S.W.2d 10; State v. Byrth, Mo., 395 S.W.2d 133; State v. Washington, Mo., 383 S.W.2d 518." State v. McClain, Mo.Sup., 404 S.W.2d 186, 190.

V.A.M.S. § 491.050 reads as follows: "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer."

We must conclude from the record that on July 8, 1968, after appellant entered a plea of guilty, the Circuit Court of St. Louis County suspended the imposition of sentence and placed appellant on probation. This was permissible under V.A.M.S. § 549.071, which provides that a trial court "may in its discretion, by order of record, suspend the imposition of sentence or may pronounce sentence and suspend the execution thereof and may also place the defendant on probation upon such conditions as the court sees fit to impose." The trial court chose the first alternative authorized by the statute. We must conclude that the trial court *did not impose sentence.*

The determinative question then becomes: When sentence is not imposed, may there be a "conviction" which will satisfy the meaning of § 491.050, supra? Or, to put the question differently, may the credibility of a witness be impeached, under § 491.050, by a record which shows he entered a plea of guilty but that sentence was not imposed?

The States are not in accord on the general question. See Annotation, 14 A.L.R.3rd 1272, "Permissibility of impeaching credibility of witness by showing verdict of guilty without judgment of sentence thereon." The question has not been decided in Missouri. However, various general pronouncements, relating indirectly to the question, appear in our case law.

In State v. Townley, 147 Mo. 205, 208, 48 S.W. 833 (1898), this Court approved the

following statement: "'It has generally been held that the word "convicted" includes the final judgment, and that one who has been found guilty by the jury, but has not yet been sentenced, is not a "convicted" person.'"

In Neibling v. Terry, 352 Mo. 396, 399, 177 S.W.2d 502, 504 (1944), this Court en banc said: "'Convicted' is generally used in its broad and comprehensive sense meaning that a judgment of final condemnation has been pronounced against the accused. State v. Townley, 147 Mo. 205, 48 S.W. 833."

In Meyer v. Missouri Real Estate Commission, 238 Mo.App. 476, 482, 183 S.W.2d 342, 345 (1944) the Court recognized the law announced in Townley and Neibling, supra, and said: "We have been cited to no authority holding that the suspension of the imposition of the sentence, or the suspension of the sentence, itself, upon a plea or a verdict of guilty, and the placing of the defendant upon probation, is a final judgment within the meaning of the statutes giving effect to such proceedings in another proceeding.

"It is held that where there has been a suspended sentence there is no final judgment. People [ex rel. Decker] v. Page, supra, 125 Misc. 538, 211 N.Y.S. 401, loc. cit. 405; 24 C.J.S., Criminal Law, §§ 1571, 1618, pp. 47, 187. If this is so it would seem that, certainly, where there has been no sentence at all but merely a suspension of the imposition of sentence, as in this case, there has been no such judgment."

In State v. Rumfelt, Mo.Sup., 258 S.W. 2d 619, 620 (1953), this Court held that § 491.050, supra, "must be strictly construed."

In State v. Blevins, Mo.Sup., 425 S.W.2d 155 (1968), a case involving a jury verdict of guilty, this Court held that the judgment of conviction referred to in § 491.050, supra, is a final judgment of conviction, made so by affirmance on appeal or by lapse of time permitted for notice of appeal without an appeal having been taken.

In 21 Am.Jur.2d, Criminal Law, § 618, p. 568, appears the following: "The word 'conviction' has two meanings: its ordinary or popular meaning, which refers to a finding of guilt by plea or verdict, and its legal or technical meaning, which refers to the final judgment entered on plea or verdict of guilty. In some legal contexts, the word may appear in its popular sense, though in others the strict sense is used and a verdict or plea of guilty is not a conviction until a judgment has been entered."

In Commonwealth v. Finkelstein, 191 Pa. Super. 328, 156 A.2d 888, 892 (1959), the Superior Court of Pennsylvania said:

"Although it is proper to cross-examine concerning specific convictions of crimes affecting the credibility of the witness, the crimes must be those for which a sentence has been imposed. In Commonwealth v. Palarino, 168 Pa.Super. 152, 156, 77 A.2d 665, 667, it was said: 'With respect to impeachment of witnesses by records of previous convictions, it has been decided that "conviction" must be given its strict technical meaning. Neither a verdict nor a plea will, without more, suffice. * *'"

In City of Boston v. Santosuosso, 307 Mass. 302, 30 N.E.2d 278, 296 (1940), the Supreme Judicial Court of Massachusetts said:

"There was no error. By G.L. (Ter.Ed.) c. 233, § 21, it is provided that the 'conviction of a witness of a crime may be shown to affect his credibility,' with certain exceptions. This statute applies to a conviction in a court of another State. Rittenberg v. Smith, 214 Mass. 343, 346, 347, 101 N.E. 989, 47 L.R.A.,N.S., 215. But there must be a 'conviction.' And whatever this word may mean in other connections (see Commonwealth v. Lockwood, 109 Mass. 323, 12 Am.Rep. 699) in this statute it imports a sentence. In Karasek v. Bockus, 293 Mass. 371, 372, 199 N.E. 726, 727, it was said that 'only a sentence after a plea of guilty or a trial constitutes a "conviction" within that statute,' and in Attorney General v. Pelletier, 240 Mass. 264, 310, 311, 134 N.E.

407, 420, it was said that 'the word "conviction" in said section 21 "implies a judgment and sentence of the court upon a verdict or confession of guilt." * * * "Nothing less than a final judgment, conclusively establishing guilt, will satisfy the meaning of the word 'conviction' as here used." ' Moreover, it was said in Commonwealth v. Dascalakis, 246 Mass. 12, 19, 140 N.E. 470, 473, that sentence is 'final judgment in a criminal case.' See also Manke v. People, 74 N.Y. 415, 424; People v. Bradner, 107 N.Y. 1, 11, 13 N.E. 87. The record does not show that any sentence was imposed. On the contrary, it shows that sentence was suspended. Such a record is not susceptible of the interpretation that sentence was imposed and execution thereof suspended—something materially different. * * *"

■ In view of the pronouncements of Townley, Neibling, Meyer, Rumfelt, and Blevins, supra, we believe the Pennsylvania and Massachusetts positions, supra, should be adopted in Missouri. We hold that it is impermissible in Missouri to impeach the credibility of a witness under the provisions of § 491.050, supra, unless sentence is imposed or pronounced in the prior proceeding. The Circuit Court of St. Louis County *suspended the imposition of sentence* on July 8, 1968. The Circuit Court of St. Louis County did not *pronounce sentence and suspend the execution thereof,* "something materially different." City of Boston v. Santosuosso, supra. In these circumstances, the trial court prejudicially erred in admitting the evidence of the prior proceedings in the Circuit Court of St. Louis County. The case must be reversed and remanded for new trial.

■ In view of this result, it is necessary that we consider only one other point raised by appellant on appeal. Appellant asserts that the "trial court should have sustained [his] motion to dismiss informations for the reason that the Magistrate Court lost jurisdiction over preliminary hearing for continuances in excess of

statutes and court rules." Appellant does not assert or demonstrate prejudice. The contention is without merit. State v. Caffey, Mo.Sup., 438 S.W.2d 167.

The judgment is reversed and the cause remanded.

All of the Judges concur.