**John P. FLOWERS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Dec. 7, 1970.

Bernard Balick, Asst. Public Defender, Wilmington, for defendant below, appellant.

Francis A. Reardon, State Prosecutor, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

The question on this appeal is whether conviction of a misdemeanor, relevant to the issue of credibility, may be used by the defense in a criminal case to impeach a witness called by the State.

The defendant was charged with robbery and conspiracy to commit a robbery. The only witness called by the State was the victim. On cross-examination, counsel for the defendant asked the witness whether he had ever been convicted of giving false and misleading information to the police. The prosecutor objected on the ground that conviction of a misdemeanor may not be used to impeach a witness; the Trial Court sustained the objection. Upon conviction, the defendant appeals.

■ We hold that the question and answer should have been allowed. In our opinion, however, the refusal of the Trial Judge to permit cross-examination along these lines was not such clear prejudicial error as to require reversal. The misdemeanor conviction sought to be elicited occurred years before the instant trial; and the evidence of guilt in the instant case was strong and convincing. Accordingly, the judgment below will be affirmed.

Although it is not determinative, we take the occasion to establish the applicable rule of evidence in this connection:

■ Modern authorities support the rule that evidence of conviction for any misdemeanor relevant to the issue of credibility should be admissible for the impeachment of a witness. 3 Wigmore on Evidence, pp. 538, 539; American Law Institute's Model Code of Evidence (1942), Rule 106. The rule is supported by reason: As a matter of fairness, a defendant should be permitted this avenue of attack upon the credibility of a witness testifying against him, especially when, as here, there is but the one witness against him. Moreover, no good reason appears for distinguishing in this regard between felonies without limitation, on the one hand, and misdemeanors relevant to the issue of credibility, on the other. Such misdemeanors would seem more important to the search for truth than would many conceivable types of felonies. We are convinced that the rule permitting impeachment should be the same for felony and misdemeanor convictions which are relevant to the issue of credibility.

The rule governing impeachment for a felony conviction was created by Statute.* As in our Statute, the rule was ordinarily included in statutes abolishing the common law disqualification of felons as witnesses. 3 Wigmore on Evidence, pp. 538–539. Since a misdemeanor conviction did not disqualify a witness at common law, there was no need for a comparable statute for misdemeanors. From this genesis, it does not appear that § 4303 was intended to preempt the field and be exclusive of misdemeanors. Compare Burgess v. State, 161 Md. 162, 155 A. 153 (1931); see Annotation, 41 A.L.R. 341.

The State points to State v. Witsil (Del. Oyer and Terminer) 187 A. 112 (1936), in which it is indicated that, in the light of § 4303, the inclusion of misdemeanor conviction as a ground of impeachment is a matter for legislative enactment. We disagree. For the reasons stated, we have no doubt but that this rule of evidence, like most others, may be judicially created. To the extent that *Witsil* is inconsistent herewith, it is overruled.

Affirmed.

---

* 10 Del.C. § 4303 provides:

"§ 4303. Testimony of convicted felon
"No person shall be excluded from testifying as a witness by reason of his having been convicted of a felony, but evidence of the fact may be given to affect his credibility."