323 F.Supp. 499 (1971)
UNITED STATES of America, Plaintiff,
v.
Kenneth L. ROSENSTENGEL, Defendant.
No. 70 CR 286(2).
United States District Court, E. D. Missouri, E. D.
March 1, 1971.
Daniel Bartlett, Jr., U. S. Atty., Peter T. Straub, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.
Richard L. Hughes, Mogab, Hughes & Green, St. Louis, Mo., for defendant.

*500 MEMORANDUM OPINION AND ORDER
REGAN, District Judge.
This matter is before the Court on motion of defendant to dismiss the indictment.
Each of the two counts of the indictment charges defendant with a violation of Sections 922(a) (6) and 924(a), Title 18 United States Code, by falsely certifying in connection with the acquisition of a firearm from a licensed dealer that he was not prohibited from receiving a firearm in interstate or foreign commerce, knowing that he had theretofore been convicted in a Missouri court of the felony of carrying a concealed weapon, a crime punishable by imprisonment for a term exceeding one year.
Section 1202(a) (1), Title 18 App. United States Code makes it an offense for any person who has been convicted of a felony to receive, possess, or transport in commerce or affecting commerce any firearm. The importance of the certification arises from the fact that Section 922(d), Title 18 United States Code, makes it unlawful for a licensed dealer to sell a firearm to any person knowing or having reasonable cause to believe that such person "is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." The indictment further charges that the known false statements were intended and likely to deceive the dealer with respect to a material fact as to the lawfulness of the sale.
The thrust of the motion to dismiss is that defendant had not in fact been "convicted", as alleged, and therefore could not have been guilty of the offenses charged in the indictment. This contention is based on the following facts: On July 16, 1968 an information was filed in the Circuit Court of the City of St. Louis, Missouri, charging defendant with the felony of carrying a concealed weapon, a crime punishable by imprisonment for as long as 5 years, in violation of Section 564.610, Revised Statutes of Missouri. Initially pleading not guilty to that charge, defendant thereafter, on July 18, 1968, withdrew his plea of innocence and then pleaded guilty as charged. The records of the Circuit Court, as they appeared at the time the present indictment was returned, show that defendant was sentenced upon his guilty plea to six months imprisonment in the City Workhouse, execution of sentence being suspended. After the present indictment was returned, defendant filed a motion in the Circuit Court to amend the record nunc pro tune for the asserted reason that the sentence was not in fact imposed but that on the contrary imposition of sentence was suspended. This motion was sustained without a hearing on the day it was filed.
Defendant's theory is that under Missouri law a person is not convicted until sentence is imposed and that since the corrected minute entry in the concealed weapons case shows that imposition of sentence was suspended, it follows as a matter of law that his statements to the effect that he was not convicted were true. We do not agree.
In the first place, we find no basis for the broad-brush approach of defendant concerning the meaning of the word "convicted" or "conviction" under Missouri law. We are aware of no Missouri authority, and defendant cites none, to the effect that in no event is a defendant deemed convicted until sentence has been imposed and final judgment entered. To the contrary, whenever the Missouri courts had for determination the meaning of the word "convicted" or "conviction", it was only in connection with the construction and application of a particular statute. Thus, in the case particularly relied on by defendant, State v. Frey, Mo., 459 S.W.2d 359, the sole issue was the construction of the word "convicted" as used in Section 491.050, Revised Statutes of Missouri, the statute which provides that a conviction can be used to affect the credibility of a witness. That is to say, all that the Court determined was that the legislative *501 intent for purposes of Section 491.050, was to require that sentence be imposed in order that the conviction may be used to impeach a witness' credibility. We note that Missouri is committed to a "strict construction" of Section 491.050. State v. Rumfelt, Mo., 258 S. W.2d 619, 620.
The case of State v. Blevins, Mo., 425 S.W.2d 155, also involved the construction of Section 491.050. The Court there stated that "(t)he question here presented is just what is meant in [Section 491.050] by the term `convicted of a criminal offense?"', and answered that question by holding that what is meant in that statute is that the conviction be final for all purposes, although conceding this is the minority view in this country. So, too, in State v. Townley, 147 Mo. 205, 48 S.W. 833, the Court was simply construing a statute relating to offenses committed by juveniles. Another Missouri case which is adverted to in Frey, is Meyer v. Missouri Real Estate Commission, 238 Mo.App. 476, 482, 183 S.W.2d 342. That case involved the construction of the Missouri Real Estate Commission Act which mandatorily requires the Commission to revoke a license in the event a real estate broker is convicted of certain offenses. Meyer had pleaded nolo contendere in federal court to a charge of embezzlement, whereupon the federal court suspended imposition of sentence and placed him upon probation. Being of the view that since imposition of sentence had been suspended, there was no final judgment in the federal court, the Kansas City Court of Appeals then concluded that the word "conviction", as used in the Real Estate Commission Act, referred only to a final judgment. For present purposes, it is not necessary to determine whether the court in Meyer correctly construed the federal law, nor, for that matter, to determine whether the Missouri statutes were correctly construed. It is necessary only to note that in the foregoing cases the Missouri courts therein construed the term "convicted" or "conviction" only as used in specific Missouri statutes.
As the Court noted in Meyer, citing State ex rel. Scott v. Cox, Mo., 243 S.W. 144, 146, "The word `conviction' has more than one connotation. Its implications in a given case are to be determined from the connection in which it is used." In the present case we have for construction federal statutes (Section 922(d) which proscribes the sale of a firearm to any person by a licensed dealer knowing or having reasonable ground to believe that such person is under indictment for, or convicted of, a crime punishable by imprisonment for a term exceeding one year, and Section 1202(a) (1) which prohibits the receipt, possession, or transportation in commerce of a firearm by any person convicted of a felony).
The purpose of Congress to protect the public by establishing a test of fitness to acquire firearms is clear. Had the statute been in effect in the period between July 16, 1968, the date the concealed weapon information was filed in the state court and the date this charge was disposed of therein, a licensed dealer could not have lawfully sold defendant a firearm for the simple reason that during such period he was "under indictment for * * * a crime punishable by imprisonment for a term exceeding one year," the term "indictment" including an information, and this is true even if he had subsequently been acquitted of the charge. See DePugh v. United States, 8 Cir., 393 F.2d 367. And cf. United States v. Liles, 9 Cir., 432 F.2d 18. In view of the evident intent of Congress, there is no doubt in our mind that the word "convicted" was used in the statute in its broadest sense. To narrowly equate the term "convicted" with a final judgment of conviction thereafter entered would clearly frustrate the Congressional purpose, evidenced, inter alia, by the very fact that a firearm may not be sold by a licensed dealer to a person under indictment. Cf. Braswell v. United States, 10 *502 Cir., 224 F.2d 706, 709-710 and United States v. Liles, supra.
In Escoe v. Zerbst, 295 U.S. 490, 492, 55 S.Ct. 818, 819, 79 L.Ed. 1566, the Court held that "(p)robation or suspension of sentence comes as an act of grace to one convicted of a crime * * *". To the same effect is Berman v. United States, 302 U.S. 211, 213, 58 S.Ct. 164, 82 L.Ed. 204. And certainly Congress was aware that the federal courts have consistently held that a plea of guilty is itself a conviction. See, for example, Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274, and Berman, supra. In Boykin, the Court stated: "A plea of guilty * * * is itself a conviction; nothing remains but to give judgment and determine punishment." There are many Eighth Circuit cases to the same effect. See Ford v. United States, 8 Cir., 418 F.2d 855, 859. Even Missouri courts have so held. See State v. Hamilton, 337 Mo. 460, 85 S.W.2d 35, 37, citing the decision of the Supreme Court of Missouri en banc in Dusenberg v. Rudolph, 325 Mo. 881, 886, 30 S.W.2d 94, 96, stating that a plea of guilty, when accepted and entered by the court "is a conviction of the highest order, the effect of which is to authorize the imposition of the sentence prescribed by law on a verdict of guilty."
In truth and in fact it is evident that even in Missouri the pronouncement of sentence and rendition of judgment follow a conviction. In Rule 27.02 of the Missouri Supreme Court Rules of Criminal Procedure, V.A.M.R., we note that in cases of a verdict of conviction, the jury may assess the punishment and the Court is then to render a judgment according to such verdict. Of even greater significance is Rule 27.07 which provides that if the defendant is convicted, sentence shall be imposed and judgment rendered without unreasonable delay. Subparagraph (b) of this rule provides for a pre-sentence investigation and report to the court before the imposition of sentence or the granting of probation, and subparagraph (c) of the rule authorizes the Court to place a defendant on probation and to such end suspend the imposition of sentence. Rule 27.08 provides that if a defendant has been convicted of a felony he must be personally present when sentence and judgment are pronounced. All these rules necessarily imply that the conviction precedes sentence. We also take note of the language of Section 556.280, Revised Statutes of Missouri, the so-called Missouri Habitual Criminal Act, which provides that "if any person convicted of any offense * * * shall be sentenced * * * and is charged with having thereafter committed a felony, he shall be tried and if convicted punished" as set forth in the statute. The foregoing is by no means an exhaustive review of the Missouri statutes and Rules. It is, however, apparent that the word "convicted," when applied to a defendant, is used in the Missouri Supreme Court Rules and statutes as simply having reference to a person whose guilt has been established. Missouri thus follows the general rule as set forth in 24 C.J.S. Criminal Law § 1556a(2), page 384, to the effect that a conviction, in its ordinary legal sense, is simply "the establishment or ascertainment of guilt, prior to and independently of judgment or sentence, although the latter are based thereon."
We hold that once guilt has been established either by plea or by verdict and nothing remains to be done except pass sentence, the defendant has been convicted within the intendment of Congress under Section 922(d). It follows that when defendant pleaded guilty of carrying a concealed weapon and his plea was accepted by the Circuit Court he was then convicted of a felony within the meaning of the federal statute, even though imposition of sentence was suspended.
Accordingly, it is hereby ordered that defendant's motion to dismiss the indictment should be and the same is hereby overruled.