CHARLES W. PAGE, Sometimes Known as C. WADE PAGE, v. STATE BOARD OF MEDICAL EXAMINERS and JOHN W. PRUNTY.

193 So. 82

En Banc

Opinion Filed January 9, 1940

*Keen & Allen, J. Velma Keen, Wm. P. Allen* and *A. Frank O'Kelley, Jr.,* for Plaintiff;

*John W. Prunty,* for Defendants.

CHAPMAN, J.—This is a case of original jurisdiction. The petitioner for a writ of prohibition shows that the State Board of Medical Examiners of Florida served notice on the plaintiff that they would proceed to hear charges filed against him for the revocation of his license to practice medicine in the State of Florida. The basis for the proposed revocation is that the plaintiff was convicted of a

felony on April 5, 1935, in the District Court of the United States in and for the Western District of Arkansas. The record of conviction of plaintiff is, viz.:

"In the District Court of the United States in and for the Western District of Arkansas, Harrison Division.

"April Term, 1935. Friday, April 5, 1935.

"United States v. Charles W. Page.

"No. 1355. Indictment for violation Section 1183, Title 26 U. S. C. (Executing False and Fraudulent Document.)

"This day comes the United States of America by Duke Frederick and John E. Harris, Assistant Attorneys for the Western District of Arkansas, and comes the defendant Charles W. Page, in his own proper person, and by A. B. Arbaugh and Len Jones, his attorneys, and come the jury heretofore impaneled and sworn herein, as on yesterday, to-wit: L. L. Brooksher, P. A. Nelson, Millard Blair, Joe Beavers, Charley Erwin, L. C. Drewry, T. N. Massey, Shay Calico, W. J. Keith, Andrew Griffith, B. R. Killebrew, Wayne Martin,—and the trial of this cause proceeds. After deliberation, the jury returned into the court the following verdict, to-wit:

" 'We, the jury, find the defendant Charles W. Page guilty as charged in the indictment. Andrew Griffith, foreman.'

"Whereupon, the jury is discharged from the further consideration of this cause, and the case is passed for sentence until April 6, 1935, and the defendant is allowed to .stand on his present bond."

"In the District Court of the United States in and for the Western District of Arkansas, Harrison Division.

"April Term, 1935. Saturday, April 6, 1935.

"United States v. Charles W. Page.

"No. 1355. Indictment for violation Section 1183, Title 26, U. S. C. (Executing False and Fraudulent Document.)

"On motion of C. R. Barry, Attorney for the Western District of Arkansas, the said defendant Charles W. Page appeared at the bar of the court, and it being demanded of him what he has to or can say why the sentence of the law upon the verdict of guilty heretofore returned by the jury on the indictment in this cause on the 5th day of April, A. D. 1935, shall not now be pronounced against him, he says he has nothing further or other to say than he has heretofore said:

"Whereupon, the premises being seen and by the court well and sufficiently understood, and it appearing to the satisfaction of the court that the ends of justice and the best interests of the public as well as of the defendant will be subserved thereby, sentence herein is presently suspended, and the said Charles W. Page is placed on probation for the period of Five Years from this date, under the supervision of the probation officer of this court."

Section 3415 C. G. L. authorizes the State Board of Medical Examiners to revoke, suspend or annul the license or registration of a practitinoer of medicine in the State of Florida for a number of reasons therein set forth, the one material to a decision of the case at bar being, viz.: "That a physician has been convicted in a court of competent jurisdiction of a felony. The conviction of a felony shall be the conviction of any offense which if committed within the State of Florida would constitute a felony under the laws thereof."

The defendants filed a demurrer to the suggestion in prohibition and two of the grounds thereof are that the suggestion for a writ of prohibition fails to set forth sufficient reasons to prohibit defendants from proceeding with

a consideration of the charges preferred, and that the suggestion fails to set forth a cause of action for a writ in prohibition. The suggestion makes known to the Court that Charles W. Page was found guilty as charged in an indictment in the United States Court of the Western District of Arkansas, on April 6, 1935, and that the verdict of the jury finding the said Charles W. Page guilty under the indictment is a sufficient conviction within the contemplation of Sub-section (b) of Section 3415 C. G. L.

The question to be decided by this Court is whether or not the verdict of the jury of conviction, *supra*, is a conviction of felony within the meaning of Sub-section (b) of Section 3415, C. G. L.

It was the intention of the Legislature in the enactment of the statute, *supra*, to grant to the Board of Medical Examiners the power to cancel or annul the license or registration of practitioners of medicine for the several reasons enumerated in Section 3415 C. G. L. The cancellation of a certificate on the ground that a practitioner had been *convicted* of a felony contemplated that the morally unfit, or those wanting in integrity, or those having lost sight of the high standards required or demands of practitioners of medicine by violating criminal statutes, should not be permitted to continue in the practice. The Legislature, in protecting the health and general welfare of the people, has a right to prescribe reasonable rules and regulations that shall control the practice of medicine. In the medical profession are found men of the highest character, integrity and those who are well educated in medicine and skilled in surgery, and to permit or allow men convicted of crime to hold themselves out to the public as equally qualified, with the leaders of the medical profession was never contemplated by this Act. The Act encourages learning,

skill, ability and the attainment of the highest qualifications on the part of the practitioners and is the instrumentality for the removal of the black sheep from the honorable profession of medicine, thereby promoting the health, happiness, comfort and welfare of the people.

It is shown by the record that the plaintiff was convicted by a jury as charged in the indictment and the sentence of the court was never entered thereon, but he was placed on probation for a period of five years, under the supervision of the probation officer of the court. The case at bar is ruled by State *ex rel.* Owens v. Barnes, 24 Fla. 153, 4 So. 560; Daughtrey v. State, 46 Fla. 109, 35 So. 397, 110 Am. St. Rep. 85; Smith v. State, 75 Fla. 468, 78 So. 530; Smith v. State, 80 Fla. 315, 85 So. 911.

The demurrer is overruled and the defendants required to answer within fifteen days from date hereof.

It is so ordered.

TERRELL, C. J., WHITFIELD, P. J., and BUFORD, J., concur in opinion and judgment.

BROWN, J., dissents in part.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BROWN, J. (dissenting in part).—I do not think the record shows a "conviction," in the light of the cases cited, but I am of the opinion that this is a matter of defense, not a matter of jurisdiction, and that the demurrer raising the point that writ of prohibition is not the appropriate remedy is well taken.