304 So.2d 473 (1974)
STATE of Florida On the Relation of VOLUSIA JAI-ALAI, INC., a Florida Corporation, and Sports Palace, Inc., a Florida Corp., Relators,
v.
BOARD OF BUSINESS REGULATION OF the DEPARTMENT OF BUSINESS REGULATION of the State of Florida et al., Respondents.
No. V-361.
District Court of Appeal of Florida, First District.
December 3, 1974.
*474 Stuart W. Patton and Donald W. Stobs, Jr., of Patton, Kanner, Nadeau, Segal, Stobs & Zeller, Miami, for relators.
Robert L. Shevin, Atty. Gen., William D. Moore, Jacksonville, and F. Riley Davis, Tallahassee, for respondents.
SPECTOR, Judge.
This is an original mandamus action which was initially filed in the Supreme Court and transferred to this court after that court issued an order staying the respondent board's order suspending petitioner's permits to operate jai-alai frontons and to conduct pari-mutuel wagering attendant thereto under Chapter 551, Florida Statutes.
The respondent's suspension order was entered pursuant to a notice and hearing on charges that the two petitioners had falsified their applications for operating dates for the 1974-75 racing seasons and the further charges that grounds existed for suspending or revoking petitioner's permits under Section 550.181, Florida Statutes, in that Emprise Corporation, a major stockholder in the two petitioner *475 corporations, had been convicted of a felony under the laws of the United States.
Under the laws governing pari-mutuel wagering, holders of permits to operate are required to file applications for racing dates annually, and it was following the filing of such applications by petitioners that the Division of Pari-Mutuel Wagering caused the aforesaid hearing to be held. In other words, the circumstances giving rise to the respondent's contention that the petitioners were in violation of the law were relied upon not only as grounds for suspending the permits of the petitioners, but were also relied upon as grounds to deny petitioners the racing dates for which they had filed applications.
Following the hearing, the division director entered his order dismissing the charges based on the falsification of the application because it appeared from the evidence adduced that the alleged falsity did not in fact exist. We hold the director's ruling in this regard correct. Petitioners had answered negatively in response to a question appearing on the racing date application as to whether any director, officer or stockholder had ever been convicted of a criminal offense. Although the evidence did establish that the stockholder, Emprise Corporation, had been convicted of a felony under federal laws, it was further established that said conviction had not become final because it was then on appeal and that on advice of counsel, the applicants did not consider that they had been "convicted" within the meaning of the question propounded on the application form. Since the conviction had not yet become final, the applicants were justified in their belief that their stockholder had not yet been "convicted". See Page v. State Board of Medical Examiners of Florida, 141 Fla. 294, 193 So. 82 (1940); In re Advisory Opinion to the Governor, 75 Fla. 674, 78 So. 673 (1918); and Joyner v. State, 158 Fla. 806, 30 So.2d 304, 305, wherein the court stated in material part:
"... . If an appeal has been taken from a judgment of guilty in the trial court that conviction does not become final until the judgment of the lower court has been affirmed by the appellate court... ."
While the "falsification" charges were dismissed as to both petitioners, the division director found that both petitioners were in violation of Section 550.181, Florida Statutes, in that Emprise Corporation, a majority stockholder in Volusia Jai-alai, Inc., and owner of all of the stock in Sports Palace, Inc., had been convicted of a felony in the federal courts and based upon that finding suspended the permits of both corporations.
The threshold question presented by this case is one of jurisdiction. Respondent contends that its order of suspension is reviewable only by petition for a writ of certiorari as provided for by Section 120.31, Florida Statutes, and Florida Appellate Rule 4.1 and not by an original mandamus action as in the present proceeding. Relying upon this contention respondent urges that we dismiss this action on jurisdictional grounds without reaching the merits of the matter.
Review of the cases wherein holders of pari-mutuel permits have sought relief in the courts from actions of the respondent state agency and its predecessors leaves one hopelessly mired in procedural uncertainty as to the proper remedy to be invoked. In State ex rel. Kinsella v. Florida State Racing Commission, 155 Fla. 387, 20 So.2d 258 (1944), the Supreme Court entertained a mandamus action to compel the issuance of a permit, and in State ex rel. Pensacola Greyhound Racing, Inc. v. Lechner, 195 So.2d 206 (1967), the Supreme Court entertained mandamus to compel the cancellation of a permit. In the Lechner case, the court cited with approval the principle found in 21 Fla.Jur., Mandamus, § 61, that:
"The considerations controlling the use of mandamus to compel the issuance of a license or permit in the first instance are in all essentials applicable when the remedy is sought to compel its cancellation *476 or its restoration when canceled. Although the action of the authorities in refusing to restore a license that has been revoked or withdrawn will not be interfered with by the courts when taken in the reasonable exercise of the judgment and discretion with which the law invests them, it is otherwise where the duty to restore the license is clear and imperative and ministerial in character. In such case, if there is no other available remedy, mandamus will lie to enforce the duty. The action of the board or officer in canceling the license will not be reviewed by mandamus unless such action is capricious, unreasonable, and arbitrary, as where the record of the revocation proceedings, including the testimony adduced, entirely fails to support the charges that alone constitute legal grounds for revocation."
Generally, orders of an administrative agency suspending or revoking licenses or permits in the exercise of the agency's quasi-judicial power are best reviewable by a petition for writ of certiorari pursuant to Section 120.31, Florida Statutes, and Florida Appellate Rule 4.1. Agency orders which are quasi-executive in character should be reviewed by other remedies depending on the nature of the agency action. If the action involved in ministerial in character, mandamus is the classical remedy to coerce its performance. However, the nature of an agency action is not always clear and lawyers can and often do disagree as to whether a given agency action falls into one category or another. Most agency actions fall into neat patterns as either quasi-judicial, quasi-legislative, or quasi-executive. Occasionally, though, we encounter agency actions whose character is mixed because they have attributes of more than one generally recognized type of agency action. The order involved here is one of such mixed character.
In West Flagler Assoc., Ltd. v. Board of Business Regulation (Fla. 1970), 241 So.2d 369, the court considered whether mandamus or certiorari is the proper remedy to obtain relief from actions of the Board and Division. In that case, the court recognized the mixed character of the actions of the said agencies and concluded that mandamus and certiorari were alternative appropriate remedies to attack the actions of the respondent agencies when they exceeded their statutory authority.
In the case at bar, petitioners contend that the respondents exceeded their statutory authority by suspending petitioners' licenses or permits on grounds not specified in the statute as the basis or reason for suspension. We agree and quash the orders of the respondent agencies.
The permits here in question are held by the two petitioner corporations. Neither of these two corporations have been convicted of a felony. It is undisputed that Emprise Corporation, the sole stockholder of one corporate petitioner and a major stockholder of the other corporate petitioner, has been convicted of a federal felony. However, it is equally undisputed that the statute does not specify felony conviction of a stockholder as grounds for suspension or revocation. Section 550.181, Florida Statutes, which authorizes the imposition of the sanction here under consideration specifies such sanction if an officer, director, or an employee of the licensed corporation is convicted of a felony.
It has long been held that an administrative agency's authority to suspend or revoke licenses is restricted to the grounds enumerated in the statute. That principle was discussed by the Florida Supreme Court in In re Weathers, 159 Fla. 390, 31 So.2d 543 (1947), wherein the court stated at page 544:
"The rule appears to be well established that, `Where a board or officer is granted the right and power to revoke a license for certain named reasons, causes, or crimes, set out in the statutes, a license may not be revoked for any other or different cause or causes not clearly within the provisions of the statutes * * *.' See Kentucky State Board of Dental Examiners v. Crowell, 220 Ky. 1, *477 294 S.W. 818, 819; State ex rel. Sbordy v. Rowlett et al., 138 Fla. 330, 190 So. 59, 123 A.L.R. 769.
"In Osborne v. Simpson et al., 94 Fla. 793, 114 So. 543, 544, we held: `It is not allowable to bend the terms of an act of the Legislature to conform to our view as to the purpose of the act where its terms are expressed in language that is clear and definite in meaning. Certainly it is not permissible to strike out words of plain, definite meaning and substitute others in order that the purpose of the act after such remodeling may more nearly conform to our notions as to its purpose and be congruent with our views as to what language should have been used to accomplish such purpose of the statute.'"
The respondents argue that even though it was a stockholder rather than the statutorily specified officer, director or employee of the licensee which was convicted, nonetheless a convicted stockholder is within the spirit of legislative intendment as to grounds for license suspension or revocation. In the case sub judice, Emprise Corporation, a stockholder, does not hold the permits in question; is not an officer or director of the permit holders, nor an employee of the permit holders, and therefore, under the wording of § 550.181, Florida Statutes, this section does not provide a ground for either a suspension or revocation of a permit or license.
We express no view as to whether conviction of a stockholder should be grounds for suspension or revocation for that is a matter for the legislature to determine. We hold only that the provisions of Section 550.181, Florida Statutes, as presently worded do not authorize sanctions for the conduct of stockholders. Moreover, we cannot help but observe that the legislature in clear and unequivocal language has provided in Section 550.181(3), Florida Statutes, that no sanction shall be imposed if an employee who has been convicted of a felony is discharged within three days after the permit holder receives notice of the conviction from the division after a hearing resulting in such a finding; or in the case of an officer or director, if he ceases to serve as such within 15 days after notice is given that the division has found after a hearing that the officer or director has been convicted of a felony in violation of Section 550.181(1), Florida Statutes.
Since the record fails to reflect that either an officer, director or employee was convicted of a felony,[1] it follows that:
"... the record of the revocation proceedings, including the testimony adduced, entirely fails to support the charges that alone constitute legal grounds for revocation." (Emphasis added) 21 Fla.Jur., Mandamus, § 61.
and therefore mandamus lies to afford the petitioners a remedy against the unauthorized action of the respondents.
Accordingly, the order of the respondents suspending the permits of petitioners is quashed.
RAWLS, C.J., and JOHNSON, J., concur.
NOTES
[1] Having determined that Section 550.181. Florida Statutes, does not authorize suspension or revocation for felony conviction of a stockholder, we find it unnecessary to rule upon whether the conduct giving rise to the federal felony conviction here involved is tantamount to an offense which if committed in Florida would be a felony in this State.