QUESTION:
Does a conviction of a felony disqualify the defendant as an elector during the pendency of an appeal from such conviction?
SUMMARY:
In Florida, if an appeal has been taken from a judgment of guilty in the trial court, that conviction does not become final until the judgment of the lower court has been finally affirmed by the appellate courts. Therefore, a felon adjudicated as such is not `convicted' within the meaning of the constitutional disqualification from voting while an appeal from such conviction is pending or while the time for an appeal from the judgment or sentence has not yet expired. Accordingly, the duty of the clerk of the circuit court to report `convicted' felons to the supervisor of elections does not include the duty to report felons adjudicated and sentenced as such during the pendency of an appeal from said conviction or prior to the expiration of the time for appeal from judgment or sentence. It follows, therefore, that the supervisor of elections is not authorized to remove the names of such persons from the registration books until the judgment and sentence have been finally affirmed by the appellate courts or the time for such appeal has expired.
Section 106.23(2), F. S., as amended by Ch. 76-233, Laws of Florida, requires the Division of Elections of the Department of State to issue advisory opinions
 when requested by any supervisor of elections, candidate, local officer having election-related duties, political party, political committee, committee of continuous existence, or other person or organization engaged in political activity, relating to any provisions or possible violations of Florida election laws with respect to actions such supervisor, candidate, local officer having election-related duties, political party, committee, person, or organization has taken or proposes to take.
In DE 076-13, the Director of the Division of Elections concluded that a convicted felon, adjudicated as such and sentenced, but with an appeal pending, was disqualified from voting. In her opinion, the director reasoned as follows:
 Section 98.313, F. S., requires the supervisor to remove from the registration books the names of convicted felons upon the list of same being furnished to the supervisor pursuant to Section 98.312, F. S.
Only qualified electors may vote.
However, as noted in your letter, in AGO 060-45, this office reached the opposite conclusion with respect to this issue, holding that:
 A conviction of felony in a trial court will not disqualify the defendant as an elector, candidate for office or office holder, when an appeal is prosecuted from such conviction, until the appeal is disposed of by the appellate court.
The conclusion adopted in AGO 060-45 was subsequently reaffirmed in AGO 069-119, wherein it was held that `until a person charged with a felony has been actually convicted, and the time for anappeal from judgment of conviction has expired, he may qualify for and run for public office.' (Emphasis supplied.)
It is beyond dispute that finally convicted felons whose civil rights have not been restored are disqualified from voting. Section 4, Art. VI, State Const., provides:
 No person convicted of a felony, or adjudicated in this or any other state to be mentally incompetent, shall be qualified to vote or hold office until restoration of civil rights or removal of disability.
Section 1, Art. VI, supra, further states, in pertinent part, that `[r]egistration and elections shall . . . be regulated by law.'
Consistent with the foregoing constitutional provisions, the Legislature has enacted ss. 98.312, 98.313, and 98.201(1), F. S. Section 98.312 requires the clerk of the circuit court at least once a month to deliver to the supervisor of elections a list of persons who have been `convicted of felonies during the preceding calendar month.' Section 98.313 requires the supervisor of elections, upon receipt of the list as provided in s. 98.312, to `remove the names of electors listed thereon from the registration books.' Section 98.201(1) provides, in pertinent part:
 Whenever it shall come to the supervisor's knowledge that any elector has become disqualified to vote by reason of conviction of any disqualifying crime . . ., the supervisor shall notify the person at his last known address by certified or registered mail. Should there be evidence that the notice was not received, then notice shall be given by publication in a newspaper of general circulation in the county where the person was last registered or last known. The notice by publication shall run one time. The notification shall plainly state that the registration is allegedly invalidated and shall be in the form of a notice to show cause why the person's name should not be removed from the registration books. The notice shall state a time and place for the person so notified to appear before the supervisor to show cause why his name should not be removed. Upon hearing all evidence in an administrative hearing, the supervisor of elections shall determine whether or not there is sufficient evidence to strike the person's name from the registration books. If the supervisor determines that there is sufficient evidence he shall strike the name forthwith. . . .
Applying the aforementioned constitutional and statutory provisions to your inquiry, it appears that the question as to whether a convicted felon is disqualified from voting pending appeal from his conviction is dependent upon the meaning of the word `convicted' as employed therein. An examination of textual authorities and judicial decisions on this subject reveals that such authorities are somewhat divided as to whether a felon is finally `convicted' and hence disenfranchised immediately upon adjudication and sentencing or whether such felon is not finally `convicted' until disposition of the appeal by the appellate courts. See, generally, Annot., 36 A.L.R.2d 138; Annot., 39 A.L.R.3d 290; Annot., 71 A.L.R.2d 593, s. 6; 21 Am. Jur.2dCriminal Law s. 619; 29 C.J.S. Elections s. 33, n. 6; 9A Words and Phrases Convicted, Conviction, pp. 283-284; and cases cited thereunder.
In Florida, however, there is substantial authority to support the view that a felon does not stand finally `convicted' until the time for an appeal from judgment or sentence has expired or final disposition is made of his appeal by the appellate courts. Thus, in State ex rel. Volusia Jai-Alai v. Department of Business Regulation, 304 So.2d 473 (1 D.C.A. Fla., 1974), the court quashed a suspension order which had suspended the petitioners' racing permits on the grounds that said petitioners had filed false applications for racing dates by answering negatively to a question as to whether any director, officer, or stockholder had been convicted of a criminal offense. The court reasoned as follows on p. 475 of the opinion:
 Although the evidence did establish that the stockholder, Emprise Corporation, had been convicted of a felony under federal laws, it was further established that said conviction had not become final because it was then on appeal and that on advice of counsel, the applicants did not consider that they had been `convicted' within the meaning of the question propounded on the application form. Since the conviction had not yet become final, the applicants were justified in their belief that their stockholder had not yet been `convicted'. See Page v. State Board of Medical Examiners, 141 Fla. 294, 193 So. 82 (1940); In Re Advisory Opinion to the Governor, 75 Fla. 674, 78 So. 673 (1918); and Joyner v. State, 158 Fla. 806, 30 So.2d 304, 305 (1947), wherein the court stated in material part: `. . . if an appeal has been taken from a judgment of guilty in the trial court that conviction does not become final until the judgment of the lower court has been affirmed by the appellate court.'
Moreover, I am also of the view that a convicted felon's qualification as an elector during the pendency of his appeal from judgment or sentence may not be conditioned upon whether or not said felon has entered into an appeal or supersedeas bond (which appears to be simply a bail bond by another name, see Cash v. State, 73 So.2d 903, 904 [Fla. 1954]) pursuant to s. 924.065, F. S. See ss. 924.14, 924.15, 924.16, and 924.17, F. S. Such a requirement would raise severe constitutional problems, as it is well established that the Equal Protection Clause of theFourteenth Amendment to the United States Constitution proscribes invidious discrimination against indigents. See Burns v. State of Ohio, 360 U.S. 252 (1959); Lindsey v. Normet, 11 So.2d 56 (1972); Griffin v. Illinois, 351 U.S. 12 (1956); cf., State ex rel. Cheney v. Rowe, 11 So.2d 585 (Fla. 1943), and Gaston v. State,106 So.2d 622 (1 D.C.A. Fla., 1958), as to the rule under s. 924.17, and s. 11 of the Declaration of Rights, State Const. 1885 (now s. 16, Art. I, State Const.). The Legislature is presumed to have knowledge of the judicial construction of the term `convicted'; and its reenactment of s. 98.312, F. S., carries, with the language adopted, also the judicial construction put upon it. Inre Advisory Opinion to the Governor, 96 So.2d 541 (Fla. 1957); Collins Inv. Co. v. Metropolitan Dade County, 164 So.2d 806 (Fla. 1964); Depfer v. Walker, 169 So. 660 (Fla. 1936).
Accordingly, s. 98.312 does not require the clerk of the circuit court to report persons who have been convicted of felonies to the supervisor of elections until the time for appeal from judgment or sentence has expired, or until the conviction has been finally affirmed by the appellate courts. In like respect, s. 98.313, F. S., does not authorize the supervisor of elections to disenfranchise such persons or to remove their names from the registration books. Cf. AGO's 074-15 and 077-1.
Similarly, the duty of the supervisor of elections under s. 98.201(1), F. S., to institute administrative proceedings to strike an elector's name from the registration books upon the supervisor's knowledge of an elector's `conviction of any disqualifying crime' does not arise until said elector's felony conviction has been finally affirmed by the appellate courts, or the time for the appeal from judgment or sentence has expired.
Your question is accordingly answered in the negative.
Prepared by: Patricia R. Gleason Assistant Attorney General