David W. WARREN, D.O., Plaintiff-Respondent.

v.

DIRECTOR, MISSOURI DIVISION OF HEALTH, Defendant-Appellant.

No. KCD 29164.

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Motion for Rehearing and/or Transfer Denied May 1, 1978.

Application to Transfer Denied June 15, 1978.

John D. Ashcroft, Atty. Gen., Louren R. Wood, Asst. Atty. Gen., Jefferson, City, for defendant-appellant.

Bruce C. Houdek, Kansas City, for plaintiff-respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

This is a proceeding for judicial review of the action of the defendant Director in denying plaintiff Doctor a license under the Missouri Controlled Substance law. The Director refused to grant the registration under the provisions of Section 195.040–2, RSMo Supp.1975, on the ground that plaintiff had been convicted of a federal narcotics violation within the previous five years. On review, the circuit court granted a motion for summary judgment in plaintiff's favor on the basis that the record in the federal criminal proceeding did not show a "conviction." The Director appeals. We affirm.

The facts are stipulated. In 1975, a two-count indictment was filed against plaintiff in the federal court charging distribution of contraband drugs. Plaintiff pleaded nolo contendere to Count II, upon which the federal court suspended imposition of sentence and placed plaintiff upon five year probation. The court dismissed Count I.

The sole issue on this appeal is whether the criminal proceedings in the federal court just described resulted in a "conviction" within the meaning of Section 195.-040–2. The Director insists that it did.

*Meyer v. Missouri Real Estate Commission,* 238 Mo.App. 476, 183 S.W.2d 342 (1944) stands athwart the Director's path to success. That case was a declaratory judgment action to test the right of the Missouri Real Estate Commission to revoke a real estate license because of an alleged criminal conviction. The licensee had pleaded nolo contendere in the federal court to embezzlement, but imposition of sentence had been suspended and the licensee had been placed on probation. This court held that under those facts, the licensee had not been "convicted":

"The trial court held that the plea of nolo contendere, made by the plaintiff to the indictment in the Federal Court, was a conviction within the meaning of the Missouri Real Estate Commission Act, and that the defendant has the right, power and authority to revoke plaintiff's license as a real estate broker and salesman under the provisions of that act. As before stated, plaintiff has appealed.

" * * * Plaintiff insists that, as the Federal Court, pending the imposition of sentence upon him, upon his plea of nolo contendere, placed him on probation, he has not been convicted of the offense charged against him within the meaning of the Real Estate Commission Act, as no final judgment has been entered against him.

\* \* \* \* \* \*

"We are of the opinion that the word 'conviction', as used in the Missouri Real Estate Commission Act, should be taken in its most comprehensive sense, that is, to include the judgment of the court upon a verdict or confession of guilt."

The Director meets the *Meyer* decision with the forthright contention that *Meyer* was wrongly decided and should now be overruled. To support that argument, the

Attorney General's brief on behalf of the Director takes up each of the cases cited and relied upon in the *Meyer* decision and proceeds to show that many (although not all) of those precedents have since been modified, narrowed or otherwise departed from in the respective jurisdictions in which they were rendered. There is a good deal to be said for this argument, and the diligent research and earnestness of the Attorney General's advocacy produces an inclination to accede to the request for a re-examination of this question; and, there would be no hesitancy to undertake that task if the *Meyer* decision constituted the sole Missouri decision on this subject.

However, *Meyer* does not stand alone. Subsequent to *Meyer*, the Missouri Supreme Court had for consideration in *State v. Frey*, 459 S.W.2d 359 (Mo.1970) whether a witness can be impeached by showing that he had pleaded guilty in a criminal case, although that plea was followed by suspension of imposition of sentence and a grant of probation. The court in *Frey* framed the issue as follows:

> "The determinative question then becomes: When sentence is not imposed, may there be a 'conviction' which will satisfy the meaning of Sec. 491.050, supra? Or, to put the question differently, may the credibility of a witness be impeached, under Sec. 491.050, by a record which shows he entered a plea of guilty but that sentence was not imposed?"

The court then proceeded to point out a conflict in decisions throughout the country on this general subject and cited along with other authority, *Meyer v. Missouri Real Estate Commission, supra.* After that review, the Missouri Supreme Court concluded as follows:

> "In view of the pronouncements of *Townley, Neibling, Meyer, Rumfelt,* and *Blevins,* supra, we believe the Pennsylvania and Massachusetts positions, supra, should be adopted in Missouri. We hold that it is impermissible in Missouri to impeach the credibility of a witness under the provisions of Sec. 491.050, supra, un-

less sentence is imposed or pronounced in the prior proceeding."

The most recent Missouri decision touching this subject is *State v. Crate,* 493 S.W.2d 1 (Mo.App.1973), which involved applicability of the Second Offender Act where a prior criminal proceeding terminated with suspension of the imposition of sentence. The court in *Crate* could have disposed of that question by saying that the Second Offender Act did not apply because it required by its terms the imposition of a "sentence," as had been held in *State v. Gordon,* 344 S.W.2d 69 (Mo.1961) and which *Crate* does cite. Nevertheless, the *Crate* opinion went on to say that the prior criminal proceeding had not resulted in a "conviction" and cited *Frey* in support.

It must also be noted that the existing Missouri law just summarized is far from unique among the various jurisdictions of this country. Indeed, this general subject has caused a sharp split, revealing a division in legal philosophy. The conflict in the cases on one branch of the problem was specifically noted by the opinion in *State v. Frey, supra.* The general divergence of judicial opinion is collated in the following comprehensive annotations: "Permissibility of Impeaching Credibility of Witness by Showing Verdict of Guilty Without Judgment of Sentence Thereon," 14 A.L.R.3d 1272; "What amounts to conviction or satisfies requirement as to showing of conviction, within statute making conviction a ground for refusing to grant or for canceling licenses or special privilege," 113 A.L.R. 1179; "What constitutes former 'conviction' within statute enhancing penalty for second or subsequent offense," 5 A.L.R.2d 1080; "What constitutes conviction within statutory or constitutional provision making conviction of crime ground of disqualification for, removal from, or vacancy in, public office," 71 A.L.R.2d 593; "What constitutes 'conviction' within constitutional or statutory provision disfranchising one convicted of crime," 36 A.L.R.2d 1238. On a specific phase of the problem which is very close to that presented in the instant case, there is a conflict in the cases concerning the revoca-

bility of a medical license under these circumstances. 70 C.J.S. Physicians and Surgeons § 17(5), p. 884, and 61 Am.Jur.2d Physicians, Surgeons, etc., Sec. 58, p. 181. Particularly to be noted, there are other jurisdictions which refuse to permit revocation of a medical license for prior conviction, where the claimed "conviction" involves a suspension of sentencing. *Page v. State Board of Medical Examiners*, 141 Fla. 294, 193 So. 82 (1940); *State Medical Board v. Rodgers*, 190 Ark. 266, 79 S.W.2d 83 (1935).

If a re-examination of Missouri law on this general subject is to be undertaken, that can be done appropriately only by the Missouri Supreme Court, not by this court.

■ The Attorney General on behalf of the Director submits an alternative argument that regardless of what the Missouri law on this subject may be, nevertheless the federal law is different and the federal law should be applied. The Attorney General argues that under the federal cases a plea or jury finding of guilty and likewise a plea of nolo contendere constitutes a "conviction," despite a subsequent suspension of sentencing. That seems to be a correct statement of the federal law. *Davis v. Estelle*, 502 F.2d 523 (5th Cir. 1974); *United States v. Bynoe*, 562 F.2d 126 (1st Cir. 1977); *United States v. Locke*, 542 F.2d 800 (9th Cir. 1976); *United States v. One Lot of Eighteen Firearms*, 325 F.Supp. 1326 (D.C. N.H.1971). There is also some authority to support the theory that since the criminal proceeding in question occurred in the federal court, federal law should control as to whether or not the result of that proceeding constituted a "conviction." *Pedorella v. Hoffman*, 91 R.I. 487, 165 A.2d 721 (1960); *Solomon v. Shepard Co.*, 61 R.I. 332, 200 A. 993 (1938).

However, closer reasoning dictates that Missouri rather than federal law should control. The term "conviction" which is here under consideration has a variable meaning depending upon the context in which it is used. *Meyer v. Missouri Real Estate Commission, supra; People v. Fabian*, 192 N.Y. 443, 85 N.E. 672 (1908); 24 C.J.S. Criminal Law § 1556(2), p. 383. Thus the term will be used in its popular sense of meaning the verdict of guilty when reference is made to the successive steps in the criminal proceeding; but the term may be used in the more strict sense of requiring a final judgment, when the context of the situation involves some collateral adverse consequences such as the loss of privileges or the imposition of a disability.

The situation at hand does involve the question of collateral loss of a valuable privilege, and whether this consequence occurs depends upon the construction of a particular statute, namely Section 195.040–2, RSMo. Inasmuch as this case turns upon construction of a Missouri statute, Missouri law must be applied. *Page v. State Board of Medical Examiners, supra; Sutherland v. Arkansas Department of Insurance*, 250 Ark. 903, 467 S.W.2d 724 (1971); *United States v. Rosenstengel*, 323 F.Supp. 499 (D.C.Mo.1971).

■ Missouri law is to be applied, and under the present decisional law of this state dealing with analogous statutes, the federal proceeding in question against plaintiff has not resulted in a "conviction." The judgment of the trial court to that effect is affirmed.

All concur.