Steve SIMON, Respondent,

v.

MISSOURI STATE BOARD OF PHARMACY, Appellant.

No. KCD 29700.

Missouri Court of Appeals, Kansas City District.

July 31, 1978.

John D. Ashcroft, Atty. Gen., Michael Elbein, Asst. Atty. Gen., Jefferson City, for appellant.

Bruce W. Simon, Simon, Simon & Katz, P. C., Kansas City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SHANGLER, Presiding Judge.

The Missouri State Board of Pharmacy appeals from the summary judgment of the circuit court which reversed the decision of the Administrative Hearing Commission to suspend the pharmacy license of plaintiff Simon.

The pharmacist Simon was convicted in the United States District Court on a plea of nolo contendere to a criminal charge for the distribution of controlled substances in violations of Federal law. The court suspended imposition of sentence under the procedure of 18 U.S.C. § 3651, imposed a $5,000 fine and placed Simon on probation for a term of five years. The judgment was amended to render payment of the $5,000 a condition of probation. Thereafter, the State Board of Pharmacy complained against Simon for suspension or revocation of his Missouri pharmacy license on the premise that he had been *convicted of a felony* within the meaning of § 338.-055.3, RSMo Cum.Supp.1975. The Administrative Hearing Commission concluded after evidence that the judgment which required Simon to make payment of $5,000 constituted a *conviction* within § 338.055.3 and so the Simon pharmacy license was subject to suspension or revocation.

Thereafter, the State Board of Pharmacy conducted a hearing as to the discipline to be imposed and ordered the Simon license suspended for two years. The circuit court reversed the administrative decisions.

The agency decision that the federal prosecution resulted in a criminal conviction of Simon rejects explicitly the authority of *Meyer v. Missouri Real Estate Commission*, 238 Mo.App. 476, 183 S.W.2d 342 (1944) that the suspension of imposition of sentence on a plea of nolo contendere to a federal charge is not a *conviction* within the Missouri statute as to authorize the Missouri Real Estate Commission to suspend the real estate broker license of the defendant. The agency adopts this posture on the essential holding of *Meyer* [183 S.W.2d l.c. 347] that

> [w]here sentence is suspended, and so the direct consequences of fine and imprisonment are suspended or postponed temporarily or indefinitely, so, also, the indirect consequences are likewise postponed.

The agency conclusion of law that the provision that Simon make payment of $5,000, although recited as a condition of probation, was an extraction of penalty and so an incident of conviction within the sense of *Meyer* misreads that decision. The intimation of the agency order that the federal court judgment was merely an artifice to avoid the consequence of conviction is also gratuitous. Actually, the judgment rendered Simon was from among exact alternatives allowed by Title 18, § 3651 to a federal court in such a proceeding:

> [The] [court] may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best . . . [A]mong the conditions thereof, the defendant . . . [m]ay be required to pay a fine . . . . .

Such statutes—local and federal—which provide for suspension of imposition of sentence incident to grant of probation are remedial and the practices they define are accorded comprehensive effect to accomplish their restorative purposes. *Meyer, supra,* 183 S.W.2d l.c. 345[2, 3]; *United States of America v. Beacon Piece Dyeing & Finishing Co., Inc.,* 455 F.2d 216[1, 2] (2d Cir. 1972). The authority of *Meyer* that a judgment which suspends imposition of sentence—attended by whatever lawful condition—does not render a criminal conviction governed the proceeding before the administrative agency.

The agency contends nevertheless that *Meyer* rests on unsound foreign precedent since modified or abjured by the courts which rendered them and, in any event, the states are bound by the federal practice which views suspension of imposition of sentence on a plea of nolo contendere as a conviction in a criminal case.

These precise contentions were thoughtfully answered in *Warren v. Director, Missouri Division of Health*, 565 S.W.2d 740 [Mo.App.1978]. We held there that however revaluated the antecedents, the holding of *Meyer* has become a settled rule of law in Missouri not subject to reexamination by this court on that ground. We held also that while, as an abstract proposition of logic, federal law determines federal definition, the values of a local statute flow from the definitions which accord with the public policy of the state law—in this case, that a suspension of imposition of sentence does not result in a criminal conviction.

The summary judgment of the circuit court is affirmed.

All concur.