**A. Jesse WOLFF, D. C., Respondent,**

**v.**

**The STATE BOARD OF CHIROPRACTIC EXAMINERS, Appellant.**

**No. 40055.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 3, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Application to Transfer Denied
Nov. 14, 1979.

John D. Ashcroft, Atty. Gen., Jerry L. Short, Roger M. Baron, Jefferson City, for appellant.

Fred Roth, Dennis L. Taylor, Clayton, for respondent.

SMITH, Judge.

The State Board of Chiropractic Examiners appeals from a summary judgment re-

versing its decision to revoke Dr. Wolff's license to practice chiropractic. Both parties had filed motions for summary judgment, the trial court found no issue of material fact, and the parties agree that the validity of the Board's decision involves a question of law. We reverse the trial court's judgment.

On July 19, 1976, plaintiff-doctor pleaded guilty in the United States District Court for the Eastern District of Missouri to one count of an indictment charging a violation of 18 U.S.C. §§ 1341 and 1342—using the mails to defraud. Upon his plea of guilty the U.S. District Court suspended the imposition of sentence, placed plaintiff on three years probation, and fined plaintiff $750. Sec. 331.060.1 R.S.Mo. 1975 provides that the Board may revoke or suspend the license of a chiropractor if it is determined under Chapter 161 R.S.Mo. 1969 that the chiropractor "is guilty of any criminal actions." Plaintiff contends, and the trial court agreed, that "guilty" is equivalent to "conviction" and that a suspended imposition of sentence is not a conviction under the teachings of *Meyer v. Missouri Real Estate Commission*, 238 Mo.App. 476, 183 S.W.2d 342 (1944); *Warren v. Director, Missouri Division of Health*, 565 S.W.2d 740 (Mo.App. 1978); and *Simon v. Missouri State Board of Pharmacy*, 570 S.W.2d 334 (Mo.App. 1978). Whatever doubts we entertain about the soundness of *Meyer, supra,* and its progeny, need not be resolved in the case at bar. We find that the word "guilty" as used in Sec. 331.060.1 is not synonymous with the word "conviction" involved in *Meyer, supra, Warren, supra,* and *Simon, supra.*

"Conviction" was held in those cases to include "the judgment of the court upon a verdict or confession of guilt." *Meyer, supra,* [2]. "Guilty" is defined as "having committed a breach of conduct: justly chargeable with or responsible for a delinquency, crime or sin." Webster's Third New International Dictionary, Unabridged 1961, p. 1010. Where a "conviction" is required the fact finder does not make a determination of guilt, it makes only a determination that a conviction has occurred. In determining that a licensee is

"guilty of any criminal actions" the determination is not whether judicial proceedings have occurred, but whether the licensee has committed a criminal act. In *State ex rel Gibson v. Missouri Board of Chiropractic Examiners,* 365 S.W.2d 773 (Mo.App. 1963) the court upheld the finding of the Board of Chiropractic Examiners that the licensee was guilty of illegal acts although no criminal charges had been adjudicated at all. *See also Morice v. Nations,* 568 S.W.2d 805 (Mo.App. 1978). Plaintiff's license was not revoked in this case because of any conviction. It was revoked because he was found guilty by the Administrative Hearing Commission of criminal action. That Commission determination was based upon plaintiff's judicial admission of such guilt in the United States District Court. That admission furnished substantial evidence to support the finding.

Judgment reversed and cause remanded with instructions to enter judgment in accordance with motion for summary judgment of the State Board of Chiropractic Examiners.

WEIER, C. J., and SNYDER, P. J., concur.