**John MANDACINA, Plaintiff-Appellant,**

**v.**

**The LIQUOR CONTROL BOARD OF REVIEW OF the CITY OF KANSAS CITY, Mo., Defendant-Respondent.**

**No. WD30816.**

Missouri Court of Appeals, Western District.

May 5, 1980.

Robert G. Duncan, Duncan, Russell & Reardon, Kansas City, for plaintiff-appellant.

Aaron A. Wilson, City Atty., Rex G. Bostwick, Asst. City Atty., Kansas City, for defendant-respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

This appeal is from a circuit court order affirming a decision of the Liquor Control Board of the City of Kansas City, Missouri, denying Mandacina's application for renewal of his liquor permit.

Judicial review of a contested case required a determination of whether the administrative agency decision was based on

competent and substantial evidence based on the whole record and is authorized by law. Article V, § 18 Missouri Constitution; Supreme Court of Missouri Rule 100.07(b); § 536.140.2 RSMo 1978; *Tonkin v. Jackson County Merit System Comm'n, et al.*, 599 S.W.2d 25 (Mo.App.1980); *Farmer's Bank of Antonia v. Kostman*, 577 S.W.2d 915, 921 (Mo.App.1979). That determination is made difficult by the incompleteness of the record on this appeal.

For example, parties have briefed and argued the case upon the assumption that the issue to be determined is the construction and applicability of certain provisions of the Kansas City ordinances relating to the issuance and renewal of permits. None of these ordinances were ever introduced in evidence either before the administrative body nor in the circuit court. They appear before this court only as they are contained in the briefs filed here or in the circuit court. Ordinarily, the defect in the record of a failure to introduce the ordinances would be fatal to our determination of the appeal. However, since Mandacina, as the moving party both before the Director of Liquor Control, the Liquor Control Board of Review, and the circuit court, relied upon the applicable ordinances, they would be considered "admitted" and may be considered on the authority of *State ex rel. Bruno v. Johnson*, 270 S.W.2d 99 (Mo.App. 1954).

This case poses another question with respect to the adequacy of the record because this court has neither the application Mandacina filed nor the record of the federal court decision around which the controversy centers. There appears to be no valid reason, however, why the principle of *Bruno* should not apply to the application and the federal court ruling since Mandacina relies on these as well in his appeal. Most of the transcript of the hearing before the Board of Liquor Control consists of statements of counsel concerning the federal court proceedings and their legal effect. Mandacina's counsel asserted he had pled guilty to a felony count of selling guns without a license and two misdemeanor counts of selling guns stolen from an interstate shipment. The Director was apparently aware of Mandacina's pleas, and there is no hint that Mandacina failed to disclose his convictions on his permit application. As gleaned from the briefs and pleadings, the disputed issue is the effect of this federal court proceeding upon the right of Mandacina to a permit.

It was the position of Mandacina before the Liquor Control Board (as evidenced by his attorney's statements) that despite the fact that Mandacina had pled guilty to three counts of a federal indictment, one for felony and two for misdemeanors, he was not "convicted" within the meaning of the Kansas City ordinances. The argument is made that despite his plea of guilty, no "conviction" ensued because the federal court imposed no sentence on the felony count. Mandacina, for this position, relies upon *Meyer v. Missouri Real Estate Commission*, 238 Mo.App. 476, 183 S.W.2d 342 (1944) and *State v. Frey*, 459 S.W.2d 359 (Mo.1970).

Two subsequent cases in this court affirm the principle of *Meyer*, *Simon v. Missouri State Board of Pharmacy*, 570 S.W.2d 334, 336 (Mo.App.1978) and *Warren v. Director, Missouri Division of Health*, 565 S.W.2d 740, 743 (Mo.App.1978). It was specifically argued in *Warren* that under federal law a suspended imposition of sentence constitutes a conviction and that, therefore, the federal law should control the definition of the word conviction. That view was specifically rejected in *Warren*.

Mandacina carries the argument one step further by asserting that, since there was no "conviction," he is entitled to a permit because neither the Director of Liquor Control nor the Liquor Control Board weighed and judged the circumstances of the offense to determine whether or not Mandacina was entitled to the benefit of a claimed exception with respect to a conviction under § 4.38(e), Ordinances of Kansas City. This latter contention, which lies at the heart of this appeal and is the only issue raised by Mandacina, requires a consideration of the Kansas City Ordinances.

Section 4.38 relating to employee permits provides generally for the conditions and procedures for obtaining such permits. It specifically provides that upon expiration of a permit the renewal shall be in the same manner as that required for an original permit. Thus, in the instant case, Mandacina's application for a renewal is to be judged upon the same basis as if it were an original application.

■ Essential to this court's analysis is another ordinance not admitted and made a part of this record. It is considered by this court, however, under the authority of the general rules of statutory construction that in seeking to ascertain legislative intent from the words of the statute, reference must be made to the whole act. *Springfield General Osteopathic Hospital v. Industrial Comm'n*, 538 S.W.2d 364, 369 (Mo.App. 1976). Such rules of construction are also applicable to ordinances. *State ex rel Jackson County v. Spradling*, 522 S.W.2d 788, 791 (Mo.banc 1975). Section 4.7(a)(7), part of the Chapter involved in this appeal, provides that upon any application for a permit, where any of the causes for suspension of a permit exist, there are sufficient grounds for refusal of the application. Therefore, although it is argued that § 4.38(d) applies only to suspensions, revocations, and invalidations of permits, § 4.7(a)(7) makes it clear that the same considerations provided for in § 4.38(d) will also support denial of a permit.

Aware of that procedure and the further fact that the director relied upon Section 4.38(d) to sustain the denial of the application, Mandacina attempts to bring himself within Section 4.38, subparagraph e. To consider this question, it will be necessary to set forth both of these subparagraphs:

> (d) *Invalidation, suspension, revocation.* In the event any permitted employee becomes a police character, or a person not of good moral character, or is convicted in court of any felony, his permit shall become invalid. If any permitted employee shall be found guilty of violating or contributing to the violation of any of the provisions of this chapter, his permit shall be subject to suspension or revocation by the director of liquor control; provided, however, such permitted employee shall be given a hearing in the same manner as licensees under this chapter. Any violation of a suspension order shall be grounds for further suspension or revocation.
>
> (e) *Exceptions to subparagraph* (d). Whereas a conviction for a felony in any court shall be grounds for either refusing a permit or for suspending or revoking same, the director of liquor control shall nevertheless issue or renew such permit if such person has, subsequent to such conviction, been lawfully restored his civil rights, provided, however, that the director shall have the independent right to weigh and judge the degree of moral turpitude involved in such conviction and all the circumstances surrounding the commission of such felony, and after such consideration have the discretion to refuse to issue or renew such permit, and further provided that such person shall otherwise be qualified to hold an alcoholic beverage license in the State of Missouri and meets the other requirements of this chapter. The provisions of this paragraph shall be applicable to those contained in section 4.7(d). (Emphasis added).

The City's position is that the record before the Board of Liquor Control demonstrates unequivocally that Mandacina admitted the guilt of the felony conviction as well as of the two misdemeanors involving possession of stolen guns from an interstate shipment; and that with such admission the "moral taint" attaches, thus justifying denial of the permit. Mandacina argues that the language emphasized in subparagraph (e) of Section 4.38 requires the Director and the Board of Liquor Control to review the degree of moral turpitude involved in such a conviction; and their failure to do so upon this record constitutes an abuse of discretion and invalidates the finding of the Board of Liquor Control. The difficulty with Mandacina's position, however, is that the "provided" language, underlined above,

applies only to the exceptions to subparagraph (d) outlined immediately preceding the proviso and only in the circumstances where, subsequent to such conviction, the individual has been restored to his civil rights. Plainly, the proviso is intended to permit the Director, even after restoration of civil rights, to consider such a conviction and, within a sound discretion, refuse to issue or renew a permit despite the restoration.

Construing the ordinances under the canons of statutory construction, *Spradling, supra,* both paragraphs of the ordinance consistently require that meaning be ascribed to subparagraph (e) because to say otherwise would remove all meaning from subparagraph (d). The exception contained in subparagraph (e) has nothing to do with and does not affect the language of subparagraph (d): "or a person not of good moral character." The director's letter and his testimony before the Board of Liquor Control make it apparent that his finding was based upon a determination that the guilty plea of Mandacina to the felony charge in the federal court demonstrated a lack of good moral character. His testimony before the board reiterates his position that Mandacina's plea of guilty to the felony of selling fire arms in the parking lot of the licensed premises, without a license, coupled with the further facts that the firearms were undeniably firearms stolen from an interstate shipment, constitute sufficient evidence to support a finding that the applicant was not a person of good moral character.

This constitutes an inference from the proven facts and is primarily and essentially for the agency to draw if such an inference logically follows from the proven facts. The fact that another or different inference might be drawn does not remove evidentiary support from the agency finding. *Nelson v. Labor and Industrial Relations Comm'n,* 594 S.W.2d 356, 359 (Mo.App. 1980). There was, therefore, competent and substantial evidence upon the whole record sufficient to sustain the action of the Board of Liquor Control and the action of the circuit court is affirmed.

All concur.