Dear Mr. Icenogle:
This letter is in response to your question asking:
 Does a plea of guilty to a felony under federal law (Title 18, Section 371 U.S.C.) followed by an order suspending imposition of sentence as to any penitentiary sentence and placing the defendant on probation, but imposing a fine and a community service requirement, constitute a conviction for purposes of forfeiture of elected office under Section 561.021 RSMo?
Section 561.021.1, RSMo 1986, provides as follows:
 1. A person holding any public office, elective or appointive, under the government of this state or any agency or political subdivision thereof, who is convicted of a crime shall forfeit such office if
 (1) He is convicted under the laws of this state of a felony or under the laws of another jurisdiction of a crime which, if committed within this state, would be a felony; or
 (2) He is convicted of a crime involving misconduct in office, or dishonesty; or
 (3) The constitution or a statute other than the code so provides.
In State ex rel. Peach v. Tillman, 615 S.W.2d 514, 517
(Mo.App. 1981), the court discussed suspended imposition of sentence.
 The statute in effect at the time the court suspended imposition of sentence granted the court power to suspend imposition of sentence and place the guilty person on probation. § 549.071 RSMo 1969. Nothing is said of the nature and consequences of the suspended imposition of sentence. Suspension of imposition of sentence is a hybrid in the law. It is a suspension of active proceedings in a criminal prosecution. It is not a final judgment. State v. Gordon, 344 S.W.2d 69, 71 (Mo. 1961). Because there is no final judgment, there can be no appeal from such an order. See State v. Harris, 486 S.W.2d 227 (Mo. 1972). It has been held that it is not a conviction within the meaning of the Second Offender Act § 556.280 RSMo 1969, State v. Gordon, supra, nor can it be used to impeach a witness under § 491.050 RSMo 1978. State v. Frey, 459 S.W.2d 359 (Mo. 1970).
 As stated in other jurisdictions, suspension of imposition of sentence is a matter of "grace, favor and forebearance." Pagano v. Bechly, 211 Iowa 1294, 1298, 232 N.W. 798, 800 (1930). Suspension of imposition of sentence is a salutary means of relieving a person who is guilty of a crime from the stigma of a conviction when the court in its discretion feels that the ends of justice warrant the court's forebearance.
The Missouri legislature amended various statutes to take into account situations in addition to "convictions". Section491.050, RSMo, dealing with the credibility of witnesses was amended in 1981 to include "any prior pleas of guilty, pleas of nolo contendere, and findings of guilty may be proved to affect his credibility in a criminal case." Prior to this amendment, Section 491.050 only considered situations where the witness had been "convicted" of a criminal offense. Section 558.016, RSMo dealing with extended terms for prior offenders was amended to refer to "one who has pleaded guilty to or has been found guilty". Previously, it referred to "one who has been previously convicted". Section 577.023, RSMo 1986, dealing with prior intoxication-related traffic offenses refers to "one who has pleaded guilty to or has been found guilty". We note no similar amendment has been made to Section 561.021. Section561.021 still applies to persons "convicted of a crime".
The Missouri Supreme Court considered suspended imposition of sentence in State v. Lynch, 679 S.W.2d 858 (Mo. banc 1984). The court held that a suspended imposition of sentence was not a final, appealable judgment even though some prejudice now attaches to a suspended imposition of sentence as a result of the statutory revisions discussed above. The court pointed out that (1) the rationale for the Tillman decision was to relieve a person who is guilty of a crime from the stigma of a conviction when the court in its discretion feels that the ends of justice warrant the court's forbearance, (2) this reasoning is no longer applicable due to the recent legislative enactments, and (3) however, no statutory authority existed for an appeal involving a suspended imposition of sentence, because it was not a final judgment. Accordingly, the Missouri view has been and continues to be that a suspended imposition of sentence is not a conviction.
Review of federal law and statutes, however, results in a different conclusion. The federal statute pertaining to suspended imposition of sentence and probation,18 U.S.C.A. Section 3651, states in pertinent part:
 Upon entering a judgment of conviction
of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition
or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.
(Emphasis added.)
The federal rule is that a suspended or probated sentence is regarded as having the same effect as any other final judgment or conviction. Davis v. Estelle, 502 F.2d 523, 524 (5th Cir. 1974).
Section 561.021.1 pertains to forfeiture of office by a public official who is convicted of a crime. The determinative issue becomes whether the term "convicted" should be construed according to the federal view or Missouri view with respect to whether a suspended imposition of sentence is a conviction. The word "conviction" has more than one connotation. Its implications in a given case are to be determined from the connection in which it is used. United States v.Rosenstengel, 323 F. Supp. 499, 501 (E.D. Mo. 1971). The cardinal rule of statutory construction requires the court to ascertain the true intention of the legislature, giving reasonable interpretation in light of legislative objective.Collins v. Director of Revenue, 691 S.W.2d 246, 251 (Mo. banc 1985). Legislative intent insofar as possible is to be determined from the language of the statute itself. State v.Sweeney, 701 S.W.2d 420, 423 (Mo. banc 1985). The language of the statute indicates that the legislature considered Missouri criminal law dispositive with respect to determining what is a conviction under Section 561.021.1 because the statute relates to felony convictions in Missouri or a conviction under the laws of another jurisdiction of a crime which if committedwithin this state, would be a felony. The legislature indicated by this provision that Missouri's classifications of criminal activity are dispositive for purposes of applying Section 561.021.1.
Also relevant to construction of this particular statute is the legislative intent that may be gleaned from other statutes. As discussed previously, the legislature amended the extended term provisions, Section 558.016, to apply to a person who has "pleaded guilty to or has been found guilty of" certain felonies. Section 491.050, dealing with the credibility of witnesses, was amended to include not only convictions but also prior pleas of guilty, pleas of nolo contendere and findings of guilty. By amendment of these statutes, the legislature recognized that a suspended imposition of sentence was not a conviction and, therefore, changed the wording to include cases where imposition of sentence was suspended. See State v. Lynch, supra, at 861. If the legislature intended for a suspended imposition of sentence to cause a forfeiture of office under Section561.021.1, the language of the statute could easily have been amended to include pleas of guilty or findings of guilt.
Finally, this issue has been addressed by a Missouri court in an analogous situation. In Warren v. Director, MissouriDivision of Health, 565 S.W.2d 740 (Mo.App. 1978) the issue presented was whether criminal proceedings in federal court wherein a doctor pled nolo contendere to a charge of distribution of contraband drugs and imposition of sentence was suspended, resulted in a "conviction" within the meaning of Section 195.040.2. The court, in response to an argument that federal law was applicable to the determination of whether a suspended imposition of sentence was a conviction, found that Missouri law rather than federal law should control. Id. at 743. The court held that the term "conviction" has a variable meaning depending upon the context and, therefore, the term may be used in the more strict sense of requiring a final judgment, when the context of the situation involves some collateral adverse consequences such as the loss of privileges or the imposition of a disability. Id. Finally, the court determined that inasmuch as the case turned upon construction of a Missouri statute, Missouri law must be applied. Id.
The reasoning in Warren is equally applicable to the issue presented by the instant facts. The situation presented here involves the question of collateral loss of a valuable privilege, i.e., privilege of holding a public office. It follows that since a suspended imposition of sentence by a Missouri court would not be considered a conviction under Section 561.021.1, neither should a suspended imposition of sentence by a federal court require forfeiture of office.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General